■ IDA GRAFFEO, Plaintiff, v CHRISTINE BRENES et al., Defendants. (Action No. 1.) GESUALDA GANDOLFO et al., Plaintiffs, v CHRISTINE BRENES et al., Defendants. (Action No. 2.) CHRISTINE BRENES, Appellant, v SKYLINE AUTO CORP. et al., Respondents. (Action No. 3.) — In a motor vehicle negligence action (Action No. 3), plaintiff appeals from (1) an order of the Supreme Court, Kings County (Greenspun, J.), dated April 21, 1980, which denied her unopposed motion to increase the *ad damnum* clause of her complaint from $10,000 to $500,000, to amend the caption of the action to state that it was pending in the Supreme Court, Kings County, rather than in the Civil Court, Kings County, and to restore the action to the Trial Calendar, upon the ground that the action had been previously settled, and (2) a further order of the same court (Monteleone, J.), dated June 16, 1981, which denied, without prejudice, her motion which sought to "vacate the settlement" and thereupon sought the same relief requested in the original motion. (We deem the latter motion to be one in the nature of renewal and reargument of the motion which resulted in the order dated April 21, 1980.) Order dated June 16, 1981 reversed, motion for renewal and reargument granted, the order dated April 21, 1980 is vacated, and plaintiff's motion, *inter alia,* to restore the action to the Trial Calendar, is granted without opposition. Appeal from the order dated April 21, 1980 dismissed. Plaintiff is awarded one bill of $50 costs and disbursements. Plaintiff commenced this negligence action in the Civil Court of the City of New York, Kings County, to recover $10,000 damages for personal injuries and property damage sustained when a vehicle driven by defendant Miranda and owned by defendant Skyline Auto Corp. allegedly went through a red light and struck her vehicle. Two other actions were commenced in the Supreme Court, Kings County, arising out of the same accident. On August 18, 1977 this action was removed to the Supreme Court, Kings County, was consolidated with the other pending actions, and was denominated Action No. 3. On June 12, 1979 the three cases appeared on the calendar of Trial Term, Part I, for a settlement conference before Mr. Justice Feiden. Apparently Actions No. 1 and 2 were settled. The dispute on this appeal centers around whether a valid enforceable settlement was reached in Action No. 3 at that conference. On November 20, 1979 the case again appeared upon the Trial Term Calendar at which time yet a fourth action arising out of the accident was settled. Plaintiff's counsel was actually engaged and did not appear but he claims to have communicated a request that Action No. 3 be marked off the calendar so that he could seek to increase the *ad damnum* clause. In April, 1980 plaintiff moved (1) to restore the matter to the Trial Calendar, (2) to amend the caption of the action to read that it was pending in the Supreme Court, rather than the Civil Court, Kings County, and (3) to increase the *ad damnum* clause from $10,000 to $500,000. Although the motion went unopposed by the defendants, on April 21, 1980 Mr. Justice Greenspun denied it, stating in relevant part, that: "[t]he minutes in the docket of Trial Term, Part I of this court record the action of Christine Brenes as having been settled on June 12, 1979 before Mr. Justice Feiden for the sum of $6,750.00 and that thereafter on June 14, 1979 the said settlement was confirmed." Plaintiff appealed the order of April 21, 1980 to this court and thereafter she moved in Trial Term, Part I, for an order "vacating the settlement" and for the same relief requested on her original motion. Again her motion went unopposed. On June 16, 1981 Mr. Justice Monteleone denied it without prejudice to renewal after the determination of the appeal from the order of April 21, 1980. Although the second notice of motion requested that the settlement be vacated, the supporting affidavits of

plaintiff and her counsel contended that no settlement had ever been consummated and that two offers by defendant Skyline for $6,750 and $7,800 were rejected because plaintiff's hospital and doctor bills by then exceeded $19,000. Furthermore, they pointed to the fact that after the date upon which court records apparently showed that the action had been settled, the defendant Skyline had requested and had conducted a physical examination of plaintiff, acts which she contended were inconsistent with settlement and referable to said defendant's preparation for trial. We conclude from this that plaintiff's second motion was actually in the nature of renewal and reargument of the initial motion and that she did not really seek vacatur of a settlement because she claimed that, in fact, there had been no settlement. We have examined the minute book of Trial Term, Part I, of the Supreme Court, Kings County, and take judicial notice of the contents thereof (*Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 671, n 1; Richardson, Evidence [Prince, 10th ed], §§ 14, 30). The minutes for June 12, 1979 indicate that at 10:00 A.M. on that morning the proclamation was made, court was opened with Mr. Justice Feiden presiding and the calendar was called. In those minutes the instant action by plaintiff is marked "Settled $6,750 Subj.". This notation means nothing more than that defendants' counsel offered $6,750 in settlement of the action and plaintiff's counsel undertook to communicate the offer to plaintiff for her acceptance or rejection. In what appears to be another handwriting, lines were drawn through "Subj.", an asterisk was added, and below next to a second asterisk, a clerk added a note that "Benes [*sic*] settlement is not firm 6/14/79 ABC [the clerk's initials]." To be enforceable, stipulations of settlement must conform to the requirements of CPLR 2104 (see *Matter of Dolgin Eldert Corp.*, 31 NY2d 1), which provides that: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." There is no contention on this appeal either that a settlement agreement is in writing and signed by the plaintiff or her attorney or that it was reduced to the form of an order and entered. Accordingly, to be enforceable, a settlement agreement in this case was required to have been made in "open court". The clerk's minute book of Trial Term, Part I, presumptively constitutes a record of the judicial proceedings in that part. Absent proof that the record of the proceedings contained therein is erroneous, it would be sufficient to satisfy the requirements of CPLR 2104 if the minutes reflected that the parties reached an "agreement" in open court. We conclude that the minute book entries for June 12, 1979 do not make out an agreement between the parties. They merely reflect that on that date the defendants made an offer subject to future acceptance or rejection by the plaintiff. The additional notations in the minutes of June 12, which were made on June 14, 1979, are insufficient to satisfy the "open court" exception to the rule requiring a signed writing or the entry of a formal order. We hold that to be binding and enforceable upon plaintiff, her acceptance, like the offer itself, was required to be made in open court. We have examined the minute book entries of Trial Term, Part I, for June 14, 1979 and find no mention of this case. There is thus nothing to indicate that an acceptance of defendants' offer was made in open court on the latter date and, indeed, there is no indication even as to who communicated the information contained in the footnote to the minutes of June 12. Because the minute book entries do not make out a binding and enforceable stipulation, Special Term erred in holding that this action had been settled and in denying plaintiff's motion for restoration to the Trial Calendar, etc., upon that ground. In conclusion, we are compelled to state that we do not wish to be understood as

impugning the efficacy of informal settlement negotiations. In the majority of cases, settlements reached informally in a Judge's chambers or elsewhere, although not subject to specific performance (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 9-10, *supra*), are voluntarily carried out by the parties. Difficulty arises only where the informal nature of the process creates doubt as to whether an agreement to settle was ever reached, or as to its terms, or where one party simply does not wish to carry out such an informal settlement. CPLR 2104 mandates the manner in which settlements must be consummated so as to be enforceable. Its purpose is to provide a means whereby agreements reached informally can be transcribed and made binding. In the absence of the requisite formality, alleged settlements, such as the one in the instant case, cannot bar further prosecution of the plaintiff's action. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.