■ CHARLES CAMPBELL, an Infant, by His Mother and Natural Guardian, ROSALIA CAMPBELL, et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a personal injury action, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence, J.), dated November 16, 1982, which

denied their motion (1) to vacate a purported settlement of this action and (2) to restore it to the Trial Calendar. Order reversed, on the law and as an exercise of discretion, without costs or disbursements, the settlement agreed to by the parties' attorneys on May 19, 1980, is vacated and the plaintiffs' motion to restore this action to the Trial Calendar is granted. On March 3, 1976, the plaintiff Charles Campbell, then an infant, sustained injury to his left eye when a gun was discharged near his face. In April, 1976, a notice of claim was served and in December, 1976, this suit was begun against the defendants to recover damages for the injury. On May 19, 1980, during a pretrial conference, plaintiffs' attorney accepted an offer of $4,500 in settlement of this action. The proposed settlement was neither reduced to writing nor read upon the record in open court (cf. CPLR 2104). Prior to the settlement date, the infant plaintiff's injury had been diagnosed as a loss of visual acuity to 20/30 + 1 with some internal scarring. At a medical examination conducted approximately eight months later on January 19, 1981, it was determined that the condition of the injured plaintiff's eye had deteriorated to the point where he was legally blind in that eye. About eight months later the plaintiffs made their first of three applications to vacate the settlement and to restore the action to the Trial Calendar. On two occasions, the plaintiffs' applications were denied by Trial Term due to an insufficiency in their supporting papers. Finally, by decision and order dated November 16, 1982, the motion was denied on the ground of the plaintiffs' unreasonable delay in bringing their first vacatur motion and because of an insufficient affidavit of merits. Trial Term erred in denying the plaintiffs' motion to vacate the May 19, 1980 "settlement" and for restoration of this matter to the Trial Calendar (see *Graffeo v Brenes,* 85 AD2d 656). In view of the plaintiffs' rejection of the defendants' settlement offer and the postsettlement discovery that the injury was far more serious than had been anticipated, it can hardly be said that a period of some eight months from the medical examination to the making of the initial motion constitutes unreasonable delay. Moreover, the allegations set forth in the injured plaintiff's affidavit to the effect that he was injured by a gun-toting fellow student known by the defendants to be a "troublemaker [who] had had a lot of trouble with other students before [the] incident" were sufficient to demonstrate a meritorious cause of action for the limited purposes of the subject application. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.