■ ROBERT COLLAZO, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORP., Appellant, et al., Defendant, and C. S. PHATAK, Individually and Practicing Medicine as KNICKERBOCKER PROFESSIONAL ARTS GROUP, Respondent. — In an action to recover damages for medical malpractice, plaintiff and defendant New York City Health and Hospitals Corporation separately appeal from an order of the Supreme Court, Queens County (Santucci, J.), dated May 4, 1983, which granted defendant Phatak's motion to vacate a stipulation purporting to settle the action, and denied plaintiff's cross motion to enforce the purported stipulation of settlement. ¶ Order affirmed, without costs or disbursements. ¶ Counsel for the respective parties negotiated a proposed settlement whereby defendant Phatak and defendant New York City Health and Hospitals Corporation would each pay one half of the total sum of $7,500. On April 7, 1983, after communicating the terms of the proposed settlement to their clients, counsel appeared at a pretrial settlement conference in chambers and agreed to the terms outlined above. There is no formal written stipulation in the record before this court, and no indication that the terms of the agreement were ever entered in the minutes of an "open court" proceeding. ¶ On or about April 13, 1983, defendant Phatak moved to vacate the purported settlement on the ground, *inter alia,* that the law firm representing him was not authorized to settle the action. Trial Term granted Phatak's motion concluding that "[a]bsent consent or actual authorization from the client, a settlement of a case by the attorney is not binding on the client". ¶ We conclude that the purported stipulation was not enforceable but we disagree with Trial Term's reasoning. By appearing at the pretrial settlement conference pursuant to the rules of this judicial department (see 22 NYCRR 699.6), without expressly qualifying his authority, counsel for defendant Phatak impliedly acknowledged his authority to bind his client (see *Di Russo v Grant,* 28 AD2d 847). Where a court rule provides that an attorney shall not appear at

a pretrial conference without full authority to settle his client's cause, any settlement effected at such stage will not be set aside on the basis of a subsequent claim that the attorney for one of the parties lacked actual authority (*Continental Cas. Co. v Chrysler Constr. Co.,* 80 Misc 2d 552, 553-554). Although stipulations of settlement are generally favored by the courts (see *Matter of Galasso,* 35 NY2d 319), an oral stipulation will not be enforced unless its terms are definite, and it is made in "open court" (CPLR 2104; see *Matter of Dolgin Eldert Corp.,* 31 NY2d 1). Without intending to impugn the efficacy of the informal settlement negotiations, we note that oral agreements reached in a Judge's chambers are not subject to specific performance unless consummated according to the mandate of CPLR 2104 which, in the least, requires entry in the minute book of an "open court" proceeding (*Graffeo v Brenes,* 85 AD2d 656; cf. *Bernstein v Salvatore,* 62 AD2d 945, 946). Based on the record before this court, we conclude that the formal requisites were not met. Accordingly, the purported settlement cannot be enforced, and the order, *inter alia,* granting defendant Phatak's motion to vacate the stipulation must be affirmed. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.