■ HELEN MULLER et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County (Monteleone, J.), dated April 2, 1984, which denied their motion to vacate a settlement of the action and to restore it to the Trial Calendar. The appeal brings up for review so much of an order of the same court, dated June 6, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order dated April 2, 1984 dismissed. That order was superseded by the order dated June 6, 1984, made upon reargument.

Order dated June 6, 1984 affirmed, insofar as reviewed.

Respondent is awarded one bill of costs.

The settlement at issue was recorded in the clerk's minute book for Trial Term, Part 9, as well as on the case sheet and calendar kept by the court. The clerk's minute book presumptively creates a record of the judicial proceedings in that part *(see, Graffeo v Brenes,* 85 AD2d 656, 657). Where the parties enter into a stipulation of settlement recorded in the court minutes, that agreement terminates all the claims of the parties in the action and becomes enforceable as a contract binding on all the parties thereto *(Skogsberg Constr. Co. v Hawthorne Indus. Park,* 94 AD2d 766, 767).

The general rule that a party is bound by stipulations made in open court pursuant to CPLR 2104 "may be relaxed in the interest of elementary fairness when it is evident on the face of the record that the attorney's understanding of the stipulated terms differs so obviously and radically from the perception of his opponent and that of the court as to warrant the conclusion that there was in effect no stipulation at all" *(Matter of Way v Town of Poughkeepsie,* 75 AD2d 602, 604). In the instant case, plaintiffs have failed to allege any grounds upon which the settlement could be vacated. They merely claim that the case seems to be worth more upon reevaluation. Under the circumstances, Trial Term properly refused to

restore the action to the Trial Calendar. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.