■ DANIEL RIVERA, Appellant, v TRIPLE M. ROOFING CORP., Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 24, 1984, which denied his motion to vacate the marking of this matter as settled and to restore the action to the Trial Calendar.

Order reversed, on the law, without costs or disbursements, motion granted, and matter remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

We have previously held that an attorney who appears at a pretrial settlement conference without expressly qualifying his authority impliedly acknowledges his authority to bind his client *(see, Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789; 22 NYCRR 699.6). At bar, however, it is undisputed that the acceptance of the proffered settlement was expressly conditioned on counsel's obtaining his client's approval thereof *(see, Graffeo v Brenes,* 85 AD2d 656). Thus, the instant case is distinguishable from one in which an attorney with the implied authority to bind his client uncondi-

tionally consents to a settlement and then later seeks to vacate the settlement on the ground that he was without authority to do so *(see, Continental Cas. Co. v Chrysler Constr. Co.,* 80 Misc 2d 552).

Moreover, it does not appear from the record before us that the provisions of CPLR 2104 were complied with. The purported stipulation of settlement reached in chambers was not reduced to writing nor were its terms entered in the minutes of an open court proceeding. As we held in *Collazo (supra),* notwithstanding the favor with which stipulations of settlement are generally viewed *(see, Matter of Galasso,* 35 NY2d 319), an oral stipulation will not be enforced unless its terms are definite and it is made in open court (CPLR 2104; *Collazo v New York City Health & Hosps. Corp., supra; see also, Matter of Dolgin Eldert Corp.,* 31 NY2d 1).

Accordingly, plaintiff is entitled to have the purported settlement vacated and the action restored to the Trial Calendar. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.