■ CHARLES DEAL et al., Respondents, v MEENAN OIL COMPANY, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated January 5, 1988, which granted the plaintiffs' motion to vacate a stipulation of settlement of the action.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is denied.

The record reveals that this action was settled for $20,000 on March 11, 1987. Although the stipulation of settlement was not reduced to writing or stenographically recorded, we find that the "open court" requirement of CPLR 2104 was satisfied and that, therefore, the settlement agreement should be upheld.

Approximately two months after this action was settled, the plaintiffs moved for substitution of attorneys. By decision and order entered June 23, 1987, the court granted the motion and directed the plaintiffs' prior attorneys to turn over their file. In its decision, the court took note of the circumstances of the settlement, stating that on March 9, 1987, the date scheduled for jury selection in this action, "a conference was held with the undersigned [the court] and the file was marked 'Settled' for $20,000.00 by the Clerk of IAS Part 26 on March 11, 1987".

Four months later, the plaintiffs moved to vacate the settlement, contending that their prior attorney was not authorized to settle the case. They also asserted that a clerk's notation on a file was insufficient evidence of an "open court" proceeding. In opposition, the defendant submitted an affirmation of the attorney who represented the defendant at the settlement conference who asserted that "the court file was marked 'settled' * * * before your Honor in an informal settlement conference in Chambers".

The Supreme Court granted the motion to vacate "since the formal requisites [for a stipulation of settlement] were not met". It does not appear that, at the time of the making of the motion to vacate, either party directed the court's attention to the minute book entry. Thus, on the record before the Supreme Court, the granting of the plaintiffs' motion to vacate was proper. However, reversal is required because the defendant has, albeit belatedly, submitted to this court documen-

tary proof that the challenged settlement was memorialized in the minute book of the clerk of the court. The contents of a minute book are an appropriate subject of judicial notice *(see, Graffeo v Brenes,* 85 AD2d 656, 657), which may be considered for the first time on appeal *(see, Hunter v New York, Ontario & W. R. R. Co.,* 116 NY 615; *Matter of Cohen v Seletsky,* 142 AD2d 111, 117).

It has been repeatedly held that entry of a stipulation of settlement in the minute book of the clerk of the court satisfies the "open court" requirement of CPLR 2104 *(see, Salmi v Aetna Cas. & Sur. Co.,* 134 AD2d 765, 766; *Rivera v Triple M. Roofing Corp.,* 116 AD2d 561, 562; *Muller v City of New York,* 113 AD2d 877; *Graffeo v Brenes, supra,* at 656). In *Collazo v New York City Health & Hosps. Corp.* (103 AD2d 789, 790), this court stated that "oral agreements reached in a Judge's chambers are not subject to specific performance unless consummated according to the mandate of CPLR 2104 which, in the least, requires entry in the minute book of an 'open court' proceeding". This rule is consistent with the well-established legal principle that stipulations of settlement are favored and will generally be enforced *(see, Hallock v State of New York,* 64 NY2d 224; *Matter of Galasso,* 35 NY2d 319; *Harrington v Harrington,* 103 AD2d 356, 359).

Accordingly, the settlement stipulation is legally binding, and the motion to vacate it must be denied. We have considered the plaintiffs' remaining contentions and find them to be without merit. We have further determined that under these circumstances, costs should not be awarded to the defendant *(see,* CPLR 8101). Thompson, J. P., Eiber and Spatt, JJ., concur.

Lawrence, J., dissents and votes to affirm the order appealed from, with costs, with the following memorandum: On March 11, 1987, a conference was held before Justice McCabe and the case file was thereafter marked "settled" for $20,000. The entry in the clerk's minute book noted, in pertinent part, that "It was reported to the Court that the * * * case [was] settled before trial for the total sum of $20,000.00. No stipulation was put on the record."

Although the record indicates that Justice McCabe was aware of the notation in the clerk's minute book with respect to the purported settlement, he declined to bind the plaintiffs to the settlement, finding that "the formal requisites were not met" *(see also, Collazo v New York City Health & Hosps. Corp.,* 103 AD2d 789). Apparently Justice McCabe concluded that the

entry in the minute book did not memoralize a proceeding had in "open court" (CPLR 2104). As we noted in *Graffeo v Brenes* (85 AD2d 656, 658): "In the majority of cases, settlements reached informally in a Judge's chambers or elsewhere, although not subject to specific performance *(Matter of Dolgin Eldert Corp.,* 31 NY2d 1, 9-10, *supra)*, are voluntarily carried out by the parties. Difficulty arises only where the informal nature of the process creates doubt as to whether an agreement to settle was ever reached, or as to its terms, or where one party simply does not wish to carry out such an informal settlement. CPLR 2104 mandates the manner in which settlements must be consummated so as to be enforceable. Its purpose is to provide a means whereby agreements reached informally can be transcribed and made binding. In the absence of the requisite formality, alleged settlements, such as the one in the instant case, cannot bar further prosecution of the plaintiff[s'] action."

Under the circumstances herein, I find no basis for disturbing Justice McCabe's determination.