OPINION OF THE COURT
William Rigler, J.
In this application defendant husband seeks to have this court deem an out-of-court transcript taken during a deposition to be a stipulation of settlement of a matrimonial action. The parties met for a deposition in the fall of 1989. During the course of that deposition settlement talks were undertaken. These talks resulted in a proposed stipulation of settlement being laid out before the stenographic reporter who converted it to a transcript. Letters were subsequently sent between counsel for the parties which imply that a settlement of the case was close at hand. Defendant now proposes that the court *448 enforce the alleged stipulation of settlement as laid out in the deposition transcript as if it were a valid stipulation of settlement.
Defendant offers no authority which would permit this court to accept a deposition transcript as a stipulation of settlement. Domestic Relations Law §236 (B) (3) requires that a valid separation agreement be signed and subscribed by the parties. The statute reads in pertinent part: "3. Agreement of the parties. An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded.” (Emphasis added.) Clearly the transcript offered by defendant does not meet the statutory requirements.
The analysis cannot end at this point however. Pursuant to CPLR 2104 an agreement between the parties or their attorneys relating to an action, while usually requiring a subscribed writing, will be enforceable if made between counsel in open court or if reduced to the form of an order and entered (cf., Deal v Meenan Oil Co., 153 AD2d 665). The Second Department has upheld the validity of open court stipulations of settlements in matrimonial actions in Harrington v Harrington (103 AD2d 356). However, while at first review the statute appears to be expansive in its scope, CPLR 2104 actually limits informal or oral stipulations of settlements. It reads: "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
Defendant wants this court to expand the dictates of CPLR 2104 to include out-of-court stipulations of settlement held before a stenographic reporter. The court will not undertake such a blatant rewriting of the statute. The statute is clear. Oral stipulations of settlement are enforceable only if they are made in open court before a Judge. A stenographic reporter is not sufficient.
Defendant has failed to provide a basis for this motion. Accordingly, it is ordered that defendant’s application be denied in its entirety.
The court will now address plaintiff’s amended cross motion for a stay of the proceedings. Plaintiff, through her attorney, *449 alleges that her current mental and emotional health precludes proceeding with this action at this juncture. In support of her application, plaintiff attaches a letter from plaintiff’s treating psychiatrist. The psychiatrist has concluded that plaintiff could not effectively participate in litigating this action.
Defendant opposes this application. He contends that plaintiff is just upset about the divorce itself.
Obviously, the issue of plaintiff’s competency to continue with this case is a question of fact. There needs to be a hearing on the matter in order to resolve it.
Accordingly, it is ordered that the amended cross motion in its entirety, including the issue of counsel fees, should be referred to a Judicial Hearing Officer to "Hear and Determine” if the parties consent or to "Hear and Report” if they do not consent.