■ ALLEN J. BATTIES, Appellant, v VICTOR SOLIS et al., Respondents.—Order, Supreme Court, New York County (Charles Ramos, J.), entered December 13, 1989, which denied

plaintiff's motion for an order allowing plaintiff to put the case on the trial calendar and for other relief, reversed, on the law and the facts, and the motion granted, without costs.

The issue here is whether a valid settlement was entered into by the parties. We conclude that it was not. It appears that on September 7, 1988 a representative from the plaintiff's attorneys, Thomas Lewis, and a representative from the attorney for defendants Solis and Encarnacion, Kevin Spencer, appeared before Judicial Hearing Officer Louis Kaplan and his law Secretary, Mr. George. At that time an offer of settlement of the case for $14,000 was made. Thomas Lewis accepted this, subject to the approval of the client. A card was apparently marked settled, subject to this understanding. Subsequently, the client did not approve. Despite efforts to get the case on the trial calendar, plaintiff has been unable to do so.

The facts do not bear out defendants' contention that the case was settled. Affidavits have been submitted from the person representing the plaintiff, Thomas Lewis, indicating what occurred on September 7, 1988. In addition, on the record in open court JHO Kaplan indicated his view that no settlement was reached and that the case should be put back on the calendar. Significantly, no affidavit has been submitted from Kevin Spencer, the representative for defendants Solis and Encarnacion who was present at the September 7, 1988 conference. Moreover, there was no compliance with CPLR 2104 which requires that a stipulation be made in open court, be in writing subscribed by the party or his attorney, or be reduced to an order and entered. Concur—Rosenberger, Asch and Smith, JJ.

Sullivan, J. P., and Wallach, J., dissent in a memorandum by Wallach, J., as follows: We would affirm the order appealed from.

This relatively small personal injury case has generated a large controversy as to whether there was a true meeting of the minds of the parties upon a $14,000 settlement reached in open court and confirmed by a computer record. Plaintiff claims that at the conference before the court (Judicial Hearing Officer) there was a mere tender by defendant of that sum of money, entirely subject to his later acceptance or rejection. Now before us in the ordinarily appealing stance of Oliver Twist, he would like "some more" from Mr. Bumble.

This approach, in our view, overlooks some larger considerations. The conference before the JHO was governed by the standards expressed in Uniform Rules for Trial Courts (22

NYCRR) § 202.12 (b) which require that *"an attorney* thoroughly familiar with the action and *authorized to act on behalf of the party* shall appear at such conference." (Emphasis added; *see also,* 22 NYCRR 202.26.) Plaintiff violated these rules in two significant respects. First, his representative at the conference, Mr. Thomas Lewis, was not a lawyer, but an unadmitted law student. Second, plaintiff would have us believe that Mr. Lewis, far from having the authority mandated by the rules, was relegated to the limited role of a mere messenger. These circumstances somewhat tarnish plaintiff's present appellate stance as a champion of contractual integrity. Defendants, for aught that appears, were playing by the rules, and had every right to rely on them.

Dispositive for us, however, is the showing made by defendants, and not contested by plaintiff, that the $14,000 offer was conveyed to plaintiff's counsel the day before the conference, in ample time for plaintiff himself to consider it. Thus it seems evident to us that plaintiff is simply using the settlement as improper leverage in an attempt to exact a few dollars more. Neither the court computer record, nor any neutral affidavit from either the JHO or his clerk supports the self-serving recollections submitted by plaintiff and squarely denied by defendants.

In these days of overburdened IAS parts, this sort of maneuvering should not be countenanced by this court. Also some deference is surely due to the discretion of the IAS Judge who reviewed the entire matter, heard directly from the participants involved, and determined that plaintiff's contentions were without merit.