■ In the Matter of DAYHO MOTEL, Respondent, v ASSESSOR OF THE TOWN OF ORANGETOWN et al., Respondents. SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT, Intervenor-Appellant. [645 NYS2d 87] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the intervenor South Orangetown Central School District appeals from an order of the Supreme Court, Rockland County (Palella, J.), dated May 4, 1995, which granted the petitioner's application to reduce an assessment on real property in accordance with a stipulation of settlement entered into in open court.

Ordered that the order is reversed, on the law, with costs, the oral stipulation of settlement is vacated and the motion is denied.

The petitioner commenced this tax certiorari proceeding to

reduce the taxes levied against certain property it owns in the Town of Orangetown, Rockland County. During the proceeding, the attorneys for each of the interested parties reached an agreement settling the petitioner's claim and entered into an oral stipulation of settlement in open court.

However, the Board of Education for the intervenor South Orangetown Central School District (hereinafter the School District) refused to approve the settlement made by its attorney and thereafter the attorneys for the School District and the Town of Orangetown refused to execute a written stipulation of settlement reflecting the oral agreement. The petitioner thereupon moved to enforce the oral stipulation of settlement. In an affidavit in support of the motion, the petitioner's counsel stated, *inter alia,* that there were no conditions precedent to the stipulation.

In opposition to the petitioner's motion, the attorney for the School District affirmed that he had told the petitioner's counsel that "any settlement we reached would have to be approved by the Board of Education". In addition, he stated that he had "negotiated settlements to a number of tax certiorari cases with [petitioner's counsel]. In every case the settlement has been contingent upon approval by the Board of Education". These assertions were corroborated by a Deputy Town Attorney and were not refuted by the petitioner's counsel.

The court granted the petitioner's motion and ordered enforcement of the oral stipulation. We reverse.

It is well settled that "settlements negotiated by attorneys without authority from their clients [are not] binding" (*Hallock v State of New York,* 64 NY2d 224, 230). The attorney for the School District lacked actual authority to bind the School District to the negotiated settlement without approval by the Board of Education, and the petitioner's counsel was aware of this limitation. Moreover, even if it could be said that counsel for the School District had apparent authority to settle the claim without approval of the Board of Education under the circumstances (*see, Hallock v State of New York, supra,* at 231-232; *cf., Nash v Y & T Distribs.,* 207 AD2d 779, 780-781), any reliance thereon by the petitioner's counsel was unreasonable in light of the parties' past dealings (*see, Nash v Y & T Distribs., supra*). The stipulation of settlement should therefore not be enforced. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.