In the Matter of EVELYN NAUGHTON-GENERAL, Appellant, v CURTIS NAUGHTON, Respondent. [662 NYS2d 956] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: In May 1995 a stipulated order was entered in Family Court providing for visitation between petitioner and her daughter in Florida. In July 1996 petitioner commenced this proceeding alleging that respondent had violated the order by refusing to allow their daughter to visit her in Florida. Respondent cross-petitioned to terminate the visitation of petitioner with their daughter on the ground that petitioner was mentally ill.

At the first court appearance, respondent was represented by counsel but petitioner was not. The court appointed a Law Guardian and adjourned the proceeding for a week. At the adjourned appearance, petitioner requested a court-appointed attorney. The Law Guardian gave a preliminary opinion that there should be supervised visitation only, but indicated that he would prefer to review petitioner's medical records before making a final recommendation. The court adjourned the matter for two weeks.

On the adjourned date, petitioner was represented by an Assistant Public Defender. The Law Guardian recommended that petitioner have supervised visitation with her daughter in New York, but opposed supervision by petitioner's mother; in his view, petitioner's mother was not appropriate to supervise visitation because she had been involved in the ongoing problems between the parties. The court suggested that the best solution would be to terminate visitation in Florida and to allow supervised visitation in New York. The court urged the parties to work out a resolution and took a short recess. When the proceeding reconvened, petitioner's assigned attorney indicated that petitioner had left, but thought that a resolution to the visitation issue could be reached. The attorneys, respondent, the Law Guardian and the court then agreed to visitation in New York only, to be supervised by petitioner's mother, on the condition that petitioner was never left alone with the child. An order to that effect was entered, not on consent, but on the court's finding that there had been a change of circumstances requiring modification of the prior visitation order.

The court erred in modifying the prior order to restrict visitation between petitioner and her daughter without holding a full evidentiary hearing. Determinations affecting custody and visitation should be made following a full evidentiary hearing, not on the basis of conflicting allegations (*see, Matter of Smith v Patrowski,* 226 AD2d 1073; *Van Etten v Van Etten,* 207 AD2d 992; *Tacconi v Tacconi,* 197 AD2d 929). Factual issues exist concerning petitioner's mental health, the need for supervised visitation, the propriety of allowing petitioner's mother to supervise visitation, and the best interests of the child. The record establishes that petitioner did not consent to the resolution reached by the attorneys, respondent and the court after she left the courthouse. Consequently, the order is reversed and the matter is remitted to Niagara County Family Court for an evidentiary hearing on the petition and cross petition. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Visitation.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.