In the Matter of WALTER BROOKS, Respondent, v JANETTE BROOKS, Appellant. [679 NYS2d 697] —In a proceeding, *inter alia*, pursuant to Family Court Act article 6 to modify the provisions of an order of the Family Court, Bronx County, dated May 13, 1993, regarding visitation, the mother appeals from an order of the Family Court, Putnam County (Sweeny, J.), entered October 31, 1996, which granted the father's petition for a modification of the mother's visitation rights and denied her cross petition for a change in custody.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the first, second, third, fourth, fifth, sixth and tenth decretal paragraphs thereof are vacated, and the matter is remitted to the Family Court, Putnam County, for further proceedings consistent herewith.

An attorney who appears at a pretrial settlement conference without expressly qualifying his authority impliedly acknowledges his authority to bind his client (*see, Rivera v Triple M. Roofing Corp.*, 116 AD2d 561; *Collazo v New York City Health & Hosps. Corp.*, 103 AD2d 789). Here, however, it is undisputed that the acceptance of the proffered settlement was expressly conditioned on the mother's counsel's obtaining her approval thereof (*see, Rivera v Triple M. Roofing Corp., supra*, at 561, citing *Graffeo v Brenes*, 85 AD2d 656). Without her approval, her attorney was without authority to bind her to the settlement and the father was aware of this limitation (*see, Matter of Dayho Motel v Assessor of Town of Orangetown*, 229 AD2d 435, 436). Since the mother did not consent to the settlement, and, upon learning of it, objected to it on the ground that it was inadequate, she is not bound by the settlement stipulation entered into by her attorney (*see, Fasano v City of New York*, 22 AD2d 799, 800).

In light of this determination, the matter must be remitted to the Family Court for a hearing on the issue of the father's

petition for modification of visitation (*see, Matter of Naughton-General v Naughton,* 242 AD2d 937). At the same time, the mother is also entitled to a hearing on her cross petition for a change in custody since the record demonstrates that she made "some evidentiary showing to warrant [the] hearing" (*David W. v Julia W.,* 158 AD2d 1, 7; *see also, Matter of Gant v Higgins,* 203 AD2d 23, 24). Moreover, determinations affecting custody and visitation should be made following a full evidentiary hearing, and not upon the basis of conflicting allegations (*see, Van Etten v Van Etten,* 207 AD2d 992). O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur.