■ GABRIEL CAROLI, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [955 NYS2d 128]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme

Court, Queens County (Schulman, J.), entered June 10, 2011, which granted the plaintiff's motion, in effect, to vacate an oral stipulation of settlement and restore the action to the trial calendar.

Ordered that the order is reversed, on the law and the facts, with costs, and the plaintiff's motion, in effect, to vacate the parties' oral stipulation of settlement and to restore the action to the trial calendar is denied.

The plaintiff owned a vacation property located in Putnam Valley (hereinafter the subject property) that was completely destroyed by a fire on March 11, 2006. The defendant issued a dwelling and personal property protection insurance policy to the plaintiff with respect to the subject property prior to the fire. The plaintiff filed a claim with the defendant. The defendant disclaimed coverage for the loss on the ground that the plaintiff failed to timely submit a signed and sworn proof of loss.

In November 2006 the plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. Issue was joined in February 2007. The plaintiff filed his note of issue on October 8, 2008.

On March 2, 2010, counsel for the plaintiff and counsel for the defendant appeared before the Supreme Court, in the trial scheduling part, for a pretrial conference. Prior to the pretrial conference, counsel for the parties had appeared for a number of pretrial conferences which were adjourned so that the parties could secure consent to a settlement from the Federal Home Loan Mortgage Corporation, commonly referred to as Freddie Mac (hereinafter Freddie Mac), which had a lien against the subject property and any recovery the plaintiff received from this action, in the amount of approximately $140,000.

After an off-the-record conference with the Supreme Court that morning, the case was called by the clerk of the trial scheduling part. On the record, counsel for the defendant advised the court that "it is agreed by and between the attorney representing [the plaintiff] and myself that the matter is fully and finally settled for the sum of $10,000. The reason for that figure is to avoid any further costs for litigation." In the course of placing the settlement on the record and through the court's questioning of counsel, the issue of Freddie Mac's lien and its impediment to the settlement was raised. Counsel for both parties responded to questions by the Supreme Court with respect to the lien. Counsel for the defendant then stated that, "without either a discharge of the lien and/or a consent to settle, [the parties] remain in limbo." The Supreme Court then discharged

Freddie Mac's lien, "at least as it affects any proceeds or settlement or any money realized from this litigation." The case was then marked "Settled Before Trial" as of March 2, 2010.

On January 28, 2011, the plaintiff moved, in effect, to vacate the stipulation of settlement and restore the action to the trial calendar. In support of the motion, the plaintiff submitted an affirmation from his attorney, who claimed that the attorney who appeared on behalf of the plaintiff at the March 2, 2010, pretrial conference was a per diem attorney who was engaged only to obtain an adjournment of the pretrial conference pending ongoing discussions with Freddie Mac. The plaintiff's counsel contended that the plaintiff did not intend to settle the matter at that conference. Moreover, he asserted that any indication to the Supreme Court that the matter was settled did not amount to an enforceable settlement agreement between the parties in open court, since the requirements of CPLR 2104 were not satisfied.

The defendant opposed the motion, challenging the plaintiff's characterization of the authority of the attorney who represented him at the preconference as limited, since there was no attempt by that counsel to adjourn the trial during the on-the-record stipulation of settlement. The defendant stressed that 22 NYCRR 202.26 (e) requires that only counsel with authority to bind a party are permitted to appear at pretrial conferences. It also contended that the plaintiff failed to establish that the settlement agreement should be voided on the basis of fraud, collusion, mistake, or accident.

In the order appealed from, the Supreme Court granted the plaintiff's motion, in effect, to vacate the stipulation of settlement and restore the action to the trial calendar on the basis that it did not appear that an agreement was reached between the parties, because neither the plaintiff nor a representative of Freddie Mac was present in court, and the per diem attorney "barely participated in the settlement." The defendant appeals.

Oral stipulations entered into in open court by counsel on behalf of their clients are binding (*see* CPLR 2104; *Matter of Serpico*, 62 AD3d 887 [2009]; *Matter of Abeido v Abeido*, 54 AD3d 330 [2008]; *Racanelli Constr. Co., Inc. v Tadco Constr. Corp.*, 50 AD3d 875 [2008]). "Stipulations of settlement are favored by the courts and not lightly cast aside . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984] [citations omitted]; *see Moshe v Town of Ramapo*, 54 AD3d 1030, 1031 [2008]; *Matter of Siegel*, 29 AD3d 914 [2006]).

The defendant correctly contends that the parties placed a valid settlement agreement on the record through their counsel in open court and that the plaintiff failed to submit any evidence to establish that the agreement should be set aside on the basis of fraud, collusion, mistake, or accident (*see Popovic v New York City Health & Hosps. Corp.*, 180 AD2d 493 [1992]; *Deal v Meenan Oil Co.*, 153 AD2d 665 [1989]; *Muller v City of New York*, 113 AD2d 877 [1985]).

Contrary to the plaintiff's contention, the material terms of the settlement were addressed on the record (*see Diarassouba v Urban*, 71 AD3d 51, 56 [2009]).

Moreover, an agreement was reached between the parties, even though the defendant's counsel placed the settlement on the record while the plaintiff's counsel initially remained silent until the Supreme Court started questioning counsel about Freddie Mac's lien. "[A] duty to speak generally arises . . . when the settlement is actually placed on the record" (*id.* at 59). Thus, the silence of the plaintiff's attorney while the defendant's counsel was advising the Supreme Court that the matter was settled for the sum of $10,000 constituted acceptance.

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court improperly granted the plaintiff's motion, in effect, to vacate the oral stipulation of settlement and restore the action to the trial calendar. Dillon, J.P., Florio, Austin and Roman, JJ., concur.