# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**571**

**CA 15-01429**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE ESTATE OF ERNEST EARL
COWELL, DECEASED.
-------------------------------------------------- MEMORANDUM AND ORDER
ERNEST COWELL, FORMER ADMINISTRATOR OF THE
ESTATE OF ERNEST EARL COWELL, DECEASED,
APPELLANT;

TERRI ROSS, ALLEGANY COUNTY TREASURER, PUBLIC
ADMINISTRATOR, GLORIA LOUK, ET AL., RESPONDENTS.

---

GERALD J. VELLA, SPRINGVILLE, FOR APPELLANT.

ALAN L. SPEARS, ALLEGANY, FOR RESPONDENTS GLORIA LOUK, WILLIAM H.
COWELL, ALFRED COWELL, NORMAN COWELL, VIVIAN CARPENTER, DARLENE HALL,
DIANE MORRISON, KATHY WHITE, CHARLES GEE AND PATRICIA LIBKA.

---

Appeal from an order of the Surrogate's Court, Allegany County
(Thomas P. Brown, S.), entered October 15, 2014.  The order denied the
motion of appellant to confirm his bid for an oil and gas lease.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Ernest Cowell (appellant), the former administrator
and one of the beneficiaries of the estate of Ernest Earl Cowell
(decedent), appeals from an order that denied his motion to confirm
his bid to purchase a certain oil and gas lease owned by the estate.
The bidding process was purportedly settled by stipulation of
settlement, the terms of which were placed on the record before
Surrogate's Court.  Appellant tendered a bid to purchase the lease
pursuant to his understanding of the stipulation.  The Surrogate,
however, held that there was no enforceable stipulation.  We affirm.

Contrary to appellant's contention, the stipulation of settlement
placed on the record in open court did not bind the parties.  First,
the stipulation of settlement did not meet the requirement of being
"definite and complete" inasmuch as some of its material terms were
not finalized in open court (*Town of Warwick v Black Bear Campgrounds*,
95 AD3d 1002, 1003; *see Diarassouba v Urban*, 71 AD3d 51, 55-56, *lv
dismissed* 15 NY3d 741).  Second, and perhaps more important, the
"[stipulation of] settlement was expressly conditioned" on counsel for
all parties obtaining client approval in writing (*Rivera v Triple M.
Roofing Corp*., 116 AD2d 561, 561; *see Matter of Brooks v Brooks*, 255
AD2d 382, 382; *Batties v Solis*, 171 AD2d 529, 530; *cf. Bella Vista*

*Dev. Corp. v Estate of Birnbaum*, 85 AD2d 891, 891-892, *lv dismissed* 55 NY2d 608, 55 NY2d 1038).  The record establishes, however, that appellant himself never fulfilled that condition by giving his approval in writing.