■ The People of the State of New York, Respondent, v Anthony Bennett, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered August 13, 1984, convicting him of rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Chetta, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The hearing court did not err when it declined to suppress the complainant's identification testimony. The complainant was in the company of the man who raped her for approximately one hour, during which time she had ample opportunity to familiarize herself with his features. She furnished the police with a detailed description of the rapist, and gave them a piece of paper on which he had written his nickname and unlisted home telephone number. Within 24 hours of the incident, the complainant selected the defendant's photograph out of an array and positively identified him at a lineup. We find that there is nothing in the record to indicate that either the photo array or lineup was suggestive *(see, People v Chamberlain,* 96 AD2d 959). In any event, we concur with the hearing court's determination that there was an independent basis for the complainant's in-court identification.

Furthermore, upon the exercise of our factual review power we find that the evidence was sufficient in both quantity and quality to establish the defendant's guilt beyond a reasonable doubt. Although the defendant took the stand and offered an explanation for the complainant's knowledge of his nickname and unpublished phone number, the jury was free to credit

the testimony of the complainant over that of the defendant and his alibi witnesses, this court has repeatedly held that the assessment of the witnesses' credibility is a matter reserved primarily for the jury *(see, e.g., People v Govan,* 127 AD2d 690), and under the circumstances of this case, there is no reason for disturbing the jury's determination.

The defendant's argument that the court erred in not giving the jury a special instruction on circumstantial evidence is also without merit *(see, People v Ruiz,* 52 NY2d 929).

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.