■ BARBARA B. SHEIK, Respondent, v JAMSHID SHEIK, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his notices of appeal and brief, (1) from so much of a judgment of the Supreme Court, Westchester County (Kelly, J.), dated April 29, 1986, as (a) awarded the plaintiff wife the sum of $3,300 per month in maintenance for three years and, after that, the sum of $2,800 per month in maintenance until the marital premises are sold, (b) awarded $50 per week per child in child support until the children reach the age of 21 or are emancipated, (c) directed him to maintain health and medical insurance for the plaintiff, (d) directed him to insure his life for the benefit of his wife while his maintenance obligations continue, (e) directed him to insure his life in an amount sufficient to pay for the children's college educations, (f) awarded the plaintiff exclusive possession of the marital residence until the youngest child reaches the age of 21 or graduates from college, and (g) directed that he pay the plaintiff the sum of $12,500 for counsel fees and expenses, and (2) from so much of an order of the same court, dated October 2, 1986, as denied, without a hearing, his application to modify the divorce judgment based on a change of circumstances.

Ordered that the judgment is modified, on the law and the facts, by deleting from the twelfth decretal paragraph thereof the language from the words "twenty-one years, or the completion of four years of college education" and ending with the words "shall not include the pursuit of courses in the evening", and substituting therefor the words "eighteen years, or the completion of high school, but in no event beyond the date on which she attains the age of nineteen years"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as appealed from,

without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the appellant's motion.

The circumstances of this case did not justify awarding the custodial parent exclusive possession and occupancy of the parties' marital residence until their youngest daughter, who is now 12, reaches the age of 21. The purpose of granting exclusive possession was to enable her to remain in the White Plains school district. This objective will be realized once she has graduated from high school. It is noteworthy that the parties' four children all contributed toward increasing the value of the marital residence by assisting in clearing the land and in constructing additions to the original two-bedroom house, resulting in its expansion to six bedrooms and four bathrooms, with a detached garage, a playhouse, and a swimming pool. The oldest children attend college and reside at the marital premises during holidays and summer vacations. In light of these facts and the appellant's financial status, we reject appellant's contention that the marital residence should be sold immediately and the respondent directed to purchase a smaller, less costly residence in the same school district where the youngest child is currently enrolled *(cf., Brundage v Brundage,* 100 AD2d 887, 889; *Mazur v Mazur,* 38 AD2d 951).

The trial court erred in denying a hearing on the appellant's motion to modify the divorce judgment. Although the appellant made the motion only about one month after entry of the judgment, evidence was adduced that indicated that a change of circumstances may have occurred *(see, Levinson v Levinson,* 97 AD2d 458, 460; *Windecker v Windecker,* 73 AD2d 601, 602).

We have considered the appellant's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Weinstein and Rubin, JJ., concur.