■ ALPHONSE LAURICELLA, Appellant, v ANNA LAURICELLA, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Kelly, J.), entered May 29, 1987, as (1) awarded the defendant wife one half the appreciated value of certain United States Savings Bonds, (2) determined that his contribution to the marital residence from premarital assets was only $28,300, (3) failed to consider various savings accounts as his separate property, (4) awarded the wife 50% of a certain fraction ($19/65$) of his pension and 50% of his Individual Retirement Account (hereinafter IRA), (5) failed to award him a portion of the wife's pension fund and IRA, (6) directed him to obtain an additional life insurance policy in the amount of $45,500 naming the wife as beneficiary, (7) directed him to pay maintenance in the amount of $175 a week for five years and child support in the amount of $100 per week, and (8) directed him to pay the wife's counsel fees in the amount of $8,500.

Ordered that the judgment is modified by (a) deleting the fifth decretal paragraph thereof and substituting therefor a provision directing the parties to divide equally between them the amounts, including interest to date, in the two IRA's listed in the wife's net worth statement dated September 3, 1985, (b) substituting the number 18 for the number 19 as the numera-

tor of the fraction in the seventh decretal paragraph, (c) vacating subsection b of the tenth decretal paragraph thereof and substituting therefor a provision crediting the plaintiff husband with the sum of $31,000 as his contribution to the purchase of the marital residence from premarital assets and crediting the wife with a contribution of $2,500, which amounts shall be subtracted from the proceeds of the sale of the marital home with the remainder to be divided equally between the parties, (d) adding a provision to the eighteenth decretal paragraph thereof which would permit the husband, in the alternative, to name the wife as a beneficiary of his existing life insurance policy and to increase the amount of the policy to meet his child support and maintenance obligations, and (e) deleting the twentieth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a hearing on any application for counsel fees which was pending at the time judgment was entered.

The parties were married in 1967 and have two children, born in 1968 and 1970, respectively. This action was commenced by the husband in 1985 for a divorce and equitable distribution of marital property. Following a trial, the wife was granted a divorce on the grounds of cruel and inhuman treatment and was awarded custody of the children. The issues raised on appeal concern the distribution of the parties' assets and the award of maintenance and child support.

The husband contends that the entire appreciation in value of certain United States Savings Bonds should have been considered his separate property under Domestic Relations Law § 236 (B) (1) (d) (3). He does not dispute that, in about 1970, he had caused the wife's name to be substituted for that of his mother on the bonds. This conveyance of an interest in the bonds to the wife converted the property to marital property *(see, e.g., Coffey v Coffey,* 119 AD2d 620; *Parsons v Parsons,* 101 AD2d 1017) and entitled the wife to a share of the bonds' appreciated value. The court properly credited the husband for his contribution to the creation of this marital asset *(see, Coffey v Coffey, supra)* and divided the remaining value of the bonds equally. We find that the credit of $28,000 awarded to the husband was fair, considering that the bonds had in all likelihood matured to a total face value of approximately that amount in 1970. The husband is not in a position to effectively dispute the court's calculation of the amount of the credit due him since he offered no evidence on the issue

but instead claimed during the trial that the bonds had all been redeemed prior to the trial, a claim which the court did not credit and which has not been argued on appeal.

The husband contends that he is entitled to a credit of at least $51,000 for his contribution from premarital savings to the purchase and improvement of the marital residence. The closing statement indicates that the house was purchased in 1970 for about $46,000, of which $15,000 was provided by a mortgage. The wife did not dispute that the remaining $31,000 was provided from the husband's premarital savings. Accordingly, the husband should receive a credit for that amount when the house is sold and the wife should receive a credit of $2,500 which she contributed for improvements before the net proceeds are divided (see, Duffy v Duffy, 94 AD2d 711).

The court did not improvidently exercise its discretion by directing the husband to pay the wife maintenance for five years and child support until the children are 21 or sooner emancipated (see, Domestic Relations Law § 236 [B] [6], [7]). The wife was a homemaker during the marriage and did not work outside the home until 1984. We agree with the trial court that, with her present skills, she has a limited prospect of soon becoming self-supporting (see, e.g., Formato v Formato, 134 AD2d 564). A maintenance award is necessary in order for the wife to pay the carrying costs of the marital residence, where she resides with the children. Under the circumstances of this case, we do not find it necessary to disturb the award to the wife of exclusive occupancy of the marital residence until the younger child, now 18, reaches age 21 (cf., Blackman v Blackman, 131 AD2d 801; Sheik v Sheik, 143 AD2d 183). In light of the evidence that the husband failed to contribute to the support of the family for over a year prior to the trial, we reject the husband's contention that the wife is not entitled to maintenance because she wastefully dissipated the family's savings. We further reject the husband's contention that the court should have treated a portion of the savings accounts as his separate property since the funds had been held in joint accounts throughout most of the marriage.

The child support award is reasonable upon consideration of such factors as the children's previous standard of living, the wife's nonmonetary contributions and the children's educational needs. It was proper to order the husband to contribute to the children's support since the parties had clearly intended that the savings in the children's custodial accounts be used for college expenses, not their daily needs (see, Malamut v Malamut, 133 AD2d 101).

The method by which the court determined the proportion of the husband's pension which is marital property and the wife's appropriate share of that property was proper *(see, e.g., Majauskas v Majauskas,* 61 NY2d 481; *Damiano v Damiano,* 94 AD2d 132).* However, the numerator of the fraction, which represents the number of years of the marriage prior to commencement of the divorce action, should be 18 rather than 19. The court did not err in computing the pension award without regard to the tax consequences since the husband failed to present any evidence from which the court could have determined the amount of taxes *(see, e.g., Gluck v Gluck,* 134 AD2d 237).

No evidence was offered that the wife accrued any pension benefits from her employment prior to commencement of this action; therefore, the court did not err in failing to award the husband a share of the wife's pension benefits connected with her present employment. The court properly directed the husband to give the wife 50% of a joint IRA established by the parties prior to commencement of this action. However, the wife's net worth statement indicates that the parties also established an IRA in her name alone. The wife is directed to turn over 50% of those funds to the husband. We decline to reach any issue raised by the wife with respect to the distribution of the husband's annuity fund since she did not cross-appeal from the judgment.

The court acted within its discretion in directing the husband to obtain a second life insurance policy naming the wife as beneficiary in an amount sufficient to meet his financial obligations to her for the five-year period *(see, e.g., Murphy v Murphy,* 110 AD2d 688; *Schussler v Schussler,* 109 AD2d 875; Domestic Relations Law § 236 [B] [8] [a]). However, the judgment is modified to permit the husband, in the alternative, to increase the amount of coverage provided by his existing policy to meet his child support and maintenance obligations and to name his wife as a beneficiary.

Finally, the record is devoid of any application and supporting documentation by the wife's attorney which would justify an award of fees in the amount of $8,500. The court failed to set forth its reasons for such an award. We therefore vacate the award of attorney's fees to the wife and remit the matter for a hearing on any request for fees pending at the time judgment was entered *(see, Murphy v Murphy, supra).* Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.