■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD FISCHER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered April 25, 1984, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, we find that the Trial Judge did not abuse his discretion in denying the defendant's motion for his recusal. The question of whether a Judge should recuse himself, to avoid an appearance of impropriety, is a matter left to the personal conscience of the court (see, People v Patrick, 183 NY 52; Poli v Gara, 117 AD2d 786; Casterella v Casterella, 65 AD2d 614, appeal dismissed 46 NY2d 939). The Trial Judge, in this case, indicated that he harbored no prejudice against the defendant and that he had not reached any preconceived conclusion as to guilt. In addition, the record does not reflect any instance in which the court exhibited any prejudice (see, People v Bartolomeo, 126 AD2d 375, lv denied 70 NY2d 702). Accordingly, we find no merit to the defendant's contention that he was deprived of a fair trial by reason of the trial court's alleged inability to serve with complete impartiality.

Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenge to the admissibility of the testimony of a certain prosecution witness was raised and rejected on a prior appeal by the codefendant and we adhere to our conclusion that the trial court did not commit reversible error in this regard *(see, People v Faust,* 131 AD2d 873, *lv granted* 70 NY2d 954).

Finally, we have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be either unpreserved for appellate review or without merit. Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.