■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. GALLAGHER, Appellant.—

Contrary to the defendant's contentions, we find that the Trial Judge did not improvidently exercise his discretion in denying the defendant's motion for recusal. As we have recently observed, "[t]he question of whether a Judge should recuse himself, to avoid an appearance of impropriety, is a matter left to the personal conscience of the court" *(People v Fischer,* 143 AD2d 1036; *see also, People v Bartolomeo,* 126 AD2d 375). The record reveals that the Trial Judge in the case at bar determined that he harbored no prejudice against the defendant, and that he had not reached any preconceived conclusion as to his guilt *(see, People v Bartolomeo, supra).* Nor do we find that the record reflects any instance in which the court displayed prejudice towards the defendant. Accordingly, we reject the defendant's contention that he was deprived of a fair trial by reason of the trial court's alleged inability to serve with complete impartiality.

Furthermore, the defendant's conclusory assertions failed to make out a prima facie case that the prosecutor's peremptory challenges were employed for a discriminatory purpose *(see, Batson v Kentucky,* 476 US 79; *People v Scott,* 70 NY2d 420; *People v Malbon,* 144 AD2d 698). Notably, the defendant makes no assertion that all members of his race were excluded from the jury *(see, People v Dove,* 154 AD2d 705; *People v Hassell,* 149 AD2d 530; *People v Malbon, supra)* and has failed to dispute the People's assertion that at least four venirepersons of the defendant's race ultimately served on the jury *(see, People v Malbon, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.