■ ELLEN L. RIEGER, Respondent, v THOMAS M. RIEGER, Appellant.—Judgment, Supreme Court, New York County (Elliott Wilk, J.), entered January 9, 1989, granting plaintiff wife a divorce on grounds of cruel and inhuman treatment, unanimously affirmed, without costs.

The parties were married on June 23, 1983, and were together for a period of five years before plaintiff wife commenced this action for divorce, pursuant to Domestic Relations Law § 170 (1), on grounds of cruel and inhuman treatment. There are no children of the marriage. In appealing the trial court's grant of this relief to plaintiff, defendant husband argues, *inter alia,* that plaintiff's proof was insufficient to support a judgment of divorce on that ground. We reject this claim and affirm the judgment in all respects.

Among the trial court's findings of specific acts committed by the defendant, which endangered the plaintiff's well-being and rendered it unsafe and improper for her to cohabit with him, are the following: (1) That during the marriage until June of 1987, the defendant would cease talking to plaintiff for a number of consecutive days, refusing to communicate with her until she apologized to him. (2) That throughout the course of this marriage the defendant repeatedly chastised the plaintiff for failing to do things of trivial or superficial importance, "the right way", which was his way. (3) That throughout the course of this marriage the defendant repeatedly scolded plaintiff for such things as alleged improper handling of a kitchen knife and signing of bank checks. (4) That on or about January 31, 1988, defendant twice stated to plaintiff

that they would be better off if she jumped out of the window and committed suicide. (5) That in or about September 1987, defendant chastised and humiliated plaintiff for being "disloyal" because she had not stood up when he arrived at a restaurant to join her and their friends for dinner. (6) That on or about October 8, 1987, defendant accused plaintiff of another act of "disloyalty", namely, failing to request that a friend of hers cease talking as they viewed a movie in the couple's apartment. (7) That from December 1987 to February 1988, defendant exhibited volatile and irrational mood swings causing plaintiff to be in constant fear of violence.

Plaintiff's testimony with respect to these and related incidents, which caused her great distress, humiliation, and anxiety requiring medication, as well as a host of physical ailments, including weight loss and rashes, was sufficient to support the court's factual findings. The trial court credited plaintiff's testimony, and concluded that the evidence had established a "pattern of behavior that does represent continuing cruelty."

A trial court's findings that specific acts of verbal abuse, public and private humiliation, and fear-inducing temper tantrums constitute cruel and inhuman treatment as contemplated by Domestic Relations Law § 170 (1) will not lightly be set aside on appeal. (Clarkson v Clarkson, 103 AD2d 964.) Among the factors to be considered in assessing whether the offending behavior warrants relief under Domestic Relations Law § 170 (1) is the length of the marriage, for "[a]n appearance of misconduct, which in a matured marriage might fail to justify a finding of substantial misconduct, but only of transient discord, may in a newer marriage justify or even compel an inference of substantial misconduct." (Hessen v Hessen, 33 NY2d 406, 411; see also, Brady v Brady, 64 NY2d 339, 345.) Here, the acts of cruelty occurred in a childless marriage of relatively short duration, and thus provide further support for determination of the trial court. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.