■ Anastasia E. Dunne, Respondent-Appellant, v John J.

DUNNE, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Morrison, J.), entered September 21, 1989, which, *inter alia,* after a nonjury trial, awarded the plaintiff wife a divorce on the ground of cruel and inhuman treatment, and the plaintiff cross-appeals from so much of the same judgment as (1) failed to make any distribution of the defendant's pension, (2) failed to equitably divide the money on deposit in the various banks and cash of the parties at the time of the commencement of the action, and (3) failed to make a determination as to the commencement date for the payment by the defendant to the plaintiff for the use and occupancy of the marital home by the defendant.

Ordered that the judgment is modified, on the law and the facts, by deleting the third and sixth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination in compliance with Domestic Relations Law § 236 (B) (5) (g) with respect to the distributive award, and a new determination with respect to counsel fees.

The determination of the trial court as factfinder on the issue of cruel and inhuman treatment will not be lightly disturbed on appeal *(see, Spinelli v Spinelli,* 160 AD2d 992; *see also, Rieger v Rieger,* 161 AD2d 227; *Rispoli v Rispoli,* 131 AD2d 556, 557). Giving due deference to the trial court's assessment of the credibility of the witnesses, we are satisfied that the plaintiff sufficiently demonstrated a course of conduct by the defendant which "so endanger[ed] the physical or mental well being of the plaintiff as render[ed] it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *see, Spinelli v Spinelli, supra,* at 993; *Rieger v Rieger, supra).* Despite the lengthy 40-year marriage of the parties *(see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406), the plaintiff sufficiently established a prima facie case for divorce in her favor on the ground of cruel and inhuman treatment.

However, it was an improvident exercise of discretion to award the plaintiff counsel fees since the record herein is devoid of any formal application and/or supporting documentation by the plaintiff's attorney regarding the legal services rendered or the time spent on the case which would justify any award of counsel fees *(see, Lauricella v Lauricella,* 143 AD2d 642, 645; *Cwiklinski v Cwiklinski,* 115 AD2d 951; *Abra-*

*ham v Abraham,* 28 AD2d 864, 865). Additionally, the court failed to set forth its reasons for such an award *(see, Lauricella v Lauricella, supra).* Thus, the award of counsel fees to the plaintiff should be vacated and the matter remitted to the Supreme Court for a new determination as to counsel fees.

Furthermore, Domestic Relations Law § 236 (B) (5) (g) requires that: "[i]n any decision made pursuant to this subdivision, the court *shall* set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel" (emphasis added). In the instant case, although the court did express some of its considerations, it failed to adequately set forth in a clear and comprehensive manner the factors it considered and the methods it used to arrive at the distributive award of $11,000 to the plaintiff *(see, Annis v Annis,* 147 AD2d 668, 670). For instance, it is not clear whether the court made any determination with respect to the defendant's pension. Although the defendant was retired and receiving a monthly pension check as his main source of income, a portion thereof was clearly marital property and should have been considered by the court. The court could have fashioned an award by applying the formula set out in *Majauskas v Majauskas* (61 NY2d 481; *see, Graepel v Graepel,* 125 AD2d 447, 448-449). However, the record does not indicate whether the court considered these alternatives or whether there was some other unexpressed reason, such as the fact that any resulting award might have left the defendant with so little income that an award of maintenance to him might have been necessary, for its failure to award the plaintiff a share of the defendant's pension.

Although this court has the authority to make the necessary findings *(see, Majauskas v Majauskas, supra,* at 493-494; *Kobylack v Kobylack,* 111 AD2d 221), we decline to do so absent a detailed record of the court's reasoning. Accordingly, we remit this matter to the Supreme Court for the purpose of making further findings in accordance herewith, and in compliance with the relevant provisions of the Domestic Relations Law, and to make a proper distributive award reflecting those findings.

We have examined the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.