■ JANICE M. LAZICH, Respondent, v WILLIAM J. LAZICH, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from (1) stated portions of an order of the Supreme Court, Westchester County (Burrows, J.), dated July 13, 1990, which, inter alia, denied those branches of his motion which were for vacatur of a previous order of the same court dated July 6, 1989, which permitted the plaintiff wife's attorneys to manage certain escrow funds, and awarded the plaintiff wife $300 per week in child support, and $1,150 per month in rent, for joint custody pendente lite, for a direction that escrow funds derived from the sale of the marital home be deposited with the Westchester County Commissioner of Finance, and for recusal of Justice Burrows, and awarded the plaintiff wife $11,250 in interim counsel fees, and (2) stated portions of an order of the same court, also dated July 13, 1990, which, inter alia, denied his application for downward modification of pendente lite child support and for certain disclosure.

Ordered that the first order is modified, on the law and as a matter of discretion, by deleting the provisions thereof which denied that branch of the defendant husband's motion which were to direct that the escrow fund be turned over to the Westchester County Commissioner of Finance and which granted interim counsel fees, and substituting therefor provisions directing that the escrow funds be turned over to the Westchester County Commissioner of Finance, and denying the plaintiff interim counsel fees, on the ground that the plaintiff did not properly substantiate her request for interim counsel fees; as so modified, that order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the second order is modified, as a matter of discretion, by reducing pendente lite child support from $300 per week plus $1,150 per month in rent to $250 per week only, retroactive to December 7, 1989, the date the motion for downward modification of child support was made; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of a bitterly contested action for divorce and ancillary relief in which both parties have accused the other of various acts of misconduct. During the pendency of the litigation, the trial court issued various orders for pendente lite relief including, *inter alia,* awarding the wife custody of the children, directing the husband to pay child support and ordering all visits between the minor daughter and the husband to be supervised by a mental health professional. Further, although the wife was also awarded possession of the marital home after the husband defaulted on the mortgage payments he was ordered to make, the house was sold and the proceeds placed into escrow. Delinquent support payments have been drawn from this fund. On appeal, the husband, who is conducting this litigation *pro se,* alleges numerous errors in the court's award of pendente lite relief.

Awards of pendente lite child support payments are in the sound discretion of the trial court based on an inquiry into the "reasonable needs" of the custodial parent and child and the noncustodial parent's ability to pay *(see, Friedman v Friedman,* 163 AD2d 461; *Kristiansen v Kristiansen,* 144 AD2d 441). Further, although disputes concerning support payments are better remedied by a speedy trial rather than by appeal *(see, e.g., Isham v Isham,* 123 AD2d 742; *Perelman v Perelman,* 110 AD2d 629), this Court can, under appropriate circumstances, substitute its discretion for that of the trial court *(see, e.g., Isham v Isham, supra).* Since the award of child support amounted to $29,400 per year, while the husband only earns $50,000 per year and the wife has her own income of $30,000 per year, his application for downward modification of pendente lite child support should have been granted, and child support reduced to $250 per week, retroactive to December 7, 1989, the date the application for downward modification was made.

The husband asserts that the court erred when it refused to grant him a hearing concerning custody and visitation. However, contrary to the husband's assertions, the court did not err in granting pendente lite custody and visitation without first holding a hearing under the facts of this case *(see, Krantz*

*v Krantz,* 175 AD2d 863; *Askinas v Askinas,* 155 AD2d 498). Moreover, the husband has failed to submit any evidence indicating that a change in custody or visitation would be in the children's best interests. Therefore, a hearing concerning custody or visitation is not warranted *(see, e.g., Audubon v Audubon,* 138 AD2d 658; *Biagi v Biagi,* 124 AD2d 770), and the husband's best redress is to seek a speedy trial *(see, Askinas v Askinas, supra).* Further, we note that visitation has now been directed, although apparently it is not being exercised.

We agree with the husband's contention that the court erred in allowing the wife's attorneys to manage the escrow account. The parties entered into a stipulation concerning the management of the escrow account which called for the Westchester County Commissioner of Finance to manage the fund, not the plaintiff's attorneys, and, as the terms of that stipulation were not shown to be unjust or harsh, it should be enforced *(see, Elyachar v Elyachar,* 43 AD2d 832). Therefore, the proceeds of the escrow account should be deposited with the Westchester County Commissioner of Finance. The husband's remaining contentions, however, lack merit. The plaintiff's attorneys have been directed to provide the husband with an accounting of the escrow (and apparently have), and all disbursements have been made pursuant to a court order as contemplated by the agreement.

We also agree with the husband's argument that the court improperly awarded the wife interim counsel fees. Pursuant to Domestic Relations Law § 237 (a) (5), a court may award interim counsel fees "as, in the court's discretion, justice requires" to enable the petitioning party to proceed. However, this Court has held that it is an improvident exercise of discretion to award such fees where there is no supporting documentation, and the trial court does not set forth its reasoning for such an award *(see, Dunne v Dunne,* 172 AD2d 482; *Lauricella v Lauricella,* 143 AD2d 642). Here, the wife and her law firm failed to submit the proper documentation needed to award interim legal fees, and the trial court did not set out its reasoning for the amount awarded *(see,* Domestic Relations Law § 237; 22 NYCRR 202.16). Therefore, on the record before us, the award of interim counsel fees was an improvident exercise of discretion. We further note that the plaintiff wife's net worth statement is not included in the record on appeal.

We find no merit, however, to the husband's assertion that the court erroneously failed to grant relief in his repeated

requests for discovery. The bulk of the husband's requests for discovery are vague and he repeatedly requests fair and reasonable discovery without specifying what he is seeking. On the other hand, the few specific discovery requests he did make were already granted, such as his request for a statement of the wife's net worth, a closing statement on the sale of the marital home, and an accounting of the escrow fund. Further, scrutiny of his demands reveal that he is seeking special treatment as a *pro se* litigant and that he wishes the court to honor his alternative suggestions to discovery rather than comply with CPLR article 31. Therefore, his vague and/ or otherwise improper discovery requests were properly denied.

Finally, the husband argues that a variety of factors indicate that Justice Burrows was biased and should have recused himself. However, recusal is best left to the personal conscience of the court *(see, Manhattan School of Music v Solow,* 175 AD2d 106; *People v Gallagher,* 158 AD2d 469; *People v Fischer,* 143 AD2d 1036), and nothing in the record indicates that recusal was warranted. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.