■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIN DWAYNE HICKMAN, Appellant. [598 NYS2d 571] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered September 8, 1989, convicting him of assault in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 22, 1987, at approximately 1:55 A.M., the defendant was lawfully stopped by two State Troopers while travelling westbound on the Southern State Parkway. When the defendant could not produce his license, a radio check revealed that there was an outstanding warrant for the defendant for a parole violation. Thereafter, when the State Troopers attempted to arrest the defendant, he jumped back in his car and attempted to flee the scene. One of the Troopers jumped into the car after the defendant. The defendant managed to put the car in gear. The car travelled a quarter of a

mile before it crashed into a guardrail. The defendant then fled the scene on foot.

The defendant contends that his identity was not sufficiently established at trial. We disagree. The two State Troopers who viewed the defendant in a variety of lighting conditions, both in and out of his car, testified at trial, positively identifying the defendant. Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). The testimony of the defendant's alibi witness does not change this result, for the jury was free to disregard the testimony of any witness (see, People v Bennett, 129 AD2d 718).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either without merit (see, People v Gallagher, 158 AD2d 469; People v Sullivan, 153 AD2d 223; People v Suitte, 90 AD2d 80), or unpreserved for appellate review (see, CPL 470.05 [2]). We decline to review the unpreserved issues in the exercise of our interest of justice jurisdiction. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.