■ In the Matter of CECELIA H. LAZICH, Petitioner, v GORDON BURROWS, Respondent. [630 NYS2d 383] —Proceeding pursuant to CPLR article 78, inter alia, to compel the respondent, a Justice of the Supreme Court, to comply with a decision and order of this Court, dated January 11, 1993, in Lazich v Lazich (189 AD2d 750), which, inter alia, directed the return of certain moneys to an escrow account, and a decision and order of this Court, dated August 9, 1993, in Lazich v Vittoria & Parker (196 AD2d 526), which, inter alia, remitted the matter to the Supreme Court, Westchester County, for a declaration of the rights of the parties to the proceeds of the escrow account, and for an immediate declaration of those rights.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see, Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). In the decision and order of this Court dated August 9, 1993 (Lazich v Vittoria & Parker, 196 AD2d 526, supra), this Court vacated so much of an order, as, sua sponte, consolidated a declaratory judgment action with a matrimonial action, and remitted the matter to the Supreme Court, Westchester County, for a determination of the rights of the parties to the proceeds of the sale of the former marital residence. This Court noted, however, that "it appears that the [declaratory judgment] action should be consolidated with the related matrimonial action", but that sua sponte consolidation was improper (Lazich v Vittoria & Parker, supra, at 530).

Subsequently, on motion of one of the parties, the Supreme Court, Westchester County, did consolidate the two actions, but the consolidated action has not yet been brought to trial, through no fault of the respondent. We further note that insofar as the petitioner seeks to compel the plaintiff in the matrimonial action to return to the escrow account certain money that she allegedly has retained in violation of the court's order dated January 11, 1993 *(Lazich v Lazich,* 189 AD2d 750, *supra),* mandamus is not an appropriate remedy.

Accordingly, the application is denied. Sullivan, J. P., Balletta, Ritter and Pizzuto, JJ., concur.