■ DAVID DOSAMANTES, Respondent, v SUMITA DOSAMANTES, Appellant. [647 NYS2d 981] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Lonschein, J.), entered July 7, 1995, as awarded temporary custody of the parties' two infant children to the plaintiff husband (96-02844); (2) an order of the same court, also entered July 7, 1995, as directed that the child support payments required to be made by the wife be withheld by the

wife's employer and made to the New York State Department of Social Services (95-06540); (3) an order of the same court, also entered July 7, 1995, as denied the wife's motion for pendente lite relief and granted the husband's cross motion for pendente lite relief, to the extent of awarding custody of the parties' two infant children to the husband (96-02846); (4) an order of the same court, also entered July 7, 1995, as denied the wife's motion for interim custody (96-04429); and (5) an order of the same court, also entered July 7, 1995, as granted the wife's motion to enjoin the husband from destroying her property and denied the husband's cross motion for similar relief (96-04430).

Ordered that the appeal from the order entered July 7, 1995, which, *inter alia,* granted the wife's motion for injunctive relief is dismissed (96-04430), as she is not aggrieved thereby; and it is further,

Ordered that the remaining orders entered July 7, 1995, are affirmed insofar as appealed from; and it is further,

Ordered that the husband is awarded one bill of costs.

Under the circumstances of this case, the court's determination to award temporary custody of the infant issue of the marriage to the respondent husband was not an improvident exercise of discretion. The appellant wife's best redress to remedy the perceived inequities in the court's pendente lite orders is a speedy trial at which, inter alia, custody issues may be more fully explored (*see, O'Connor v O'Connor,* 207 AD2d 334; *Shiff v Shiff,* 190 AD2d 786; *Lazich v Lazich,* 189 AD2d 750, 752). In this regard, however, we note that notwithstanding that custody issues were raised at the preliminary conference conducted in this case in April 1995, as of the time of the entry of the orders appealed from the court had apparently not appointed a Law Guardian. We thus strenuously urge the court to remedy this omission and to expeditiously resolve the issues in controversy.

We have examined the wife's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.