■ VARSENIG GRIFFIN, Respondent, v DAVID F. GRIFFIN, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 27, 1980 in Albany County, which dismissed defendant's counterclaim and first and fifth affirmative defenses and granted plaintiff partial summary judgment for child support arrears for the period January 1, 1979 to September 1, 1979. On October 28, 1963, plaintiff and defendant were divorced by decree of the Circuit Court of Marion County, Alabama. Incorporated in the divorce decree was a separation agreement into which the parties had entered on August 19, 1963 and which the parties had modified on August 21, 1963. Subsequently, on Septem-

ber 24, 1979, plaintiff commenced the present action to recover for defendant's alleged breach of the separation agreement, and shortly thereafter, on October 26, 1979, defendant responded with a verified answer and counterclaim. Later at Special Term, plaintiff moved for summary judgment on her cause of action and for the dismissal of the defenses interposed by defendant and defendant's counterclaim. Ultimately, the court granted her motion to the extent of dismissing defendant's counterclaim and first and fifth affirmative defenses and also awarding plaintiff summary judgment only as to her cause of action for child support under the separation agreement for the period January 1, 1979 to September 1, 1979. Defendant now appeals, and initially we find that Special Term erred in dismissing his first affirmative defense wherein he alleged that he was relieved of any and all obligations under the separation agreement because plaintiff had effectively denied him his visitation rights by her change of her residence to the State of Florida. By asserting this defense, defendant has plainly raised factual issues which require a trial for their resolution (cf. *Conrad v Conrad,* 64 AD2d 751, app dsmd 46 NY2d 849). Moreover, these factual issues must obviously be resolved before plaintiff can properly be awarded summary judgment for alleged arrears in child support *(Phillips v Kantor & Co.,* 31 NY2d 307), and consequently, the award of partial summary judgment to plaintiff likewise should not be sustained. Lastly, we find that the court properly dismissed defendant's fifth affirmative defense and his counterclaim. Regarding the subject defense, defendant's statutory liability for support is obviously not extinguished by a provision in the separation agreement which provides merely that the agreement's support provisions are based upon defendant's annual income being at least $15,000 (see Domestic Relations Law, § 32). As for the counterclaim, defendant seeks therein to recover one half of the amount of the proceeds realized from plaintiff's sale of what was formerly the marital residence. This claim has no merit because the record contains a deed whereby defendant conveyed to plaintiff unconditionally his interest in the residence and defendant has set forth no details indicating either that the deed was delivered in escrow or was otherwise not an absolute conveyance. Under these circumstances, plaintiff has demonstrated a complete defense based upon documentary evidence in the record (see CPLR 3211, subd [a], par 1), and, therefore, the dismissal of the counterclaim was clearly warranted *(Suburban Broadcasting Corp. v RCA Corp.,* 51 AD2d 785). Order modified, on the law, by reversing so much thereof as dismissed defendant's first affirmative defense and granted plaintiff partial summary judgment, and, as so modified, affirmed, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.