■ ARTHUR GAGE, Appellant, v JAY BEE PHOTOGRAPHERS, INC., Respondent. [636 NYS2d 106] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated June 9, 1994, which granted the defendant's motion to strike the action from the trial calendar pursuant to CPLR 2104 and to dismiss the complaint.

Ordered that the order is affirmed, with costs.

This appeal involves the dismissal of a complaint in a negligence action. The parties stipulated in open court that the negligence action would be settled for $2,500. Thereafter, the plaintiff executed and delivered to the defendant, a general release and stipulation discontinuing the action, which was to be held "in escrow" pending the plaintiff's receipt of the proceeds of the settlement. Allegedly, due to a clerical error, the settlement check was not sent to the plaintiff.

The court granted the plaintiff's unopposed motion to restore the instant matter to the trial calendar based on the defendant's failure to pay the settlement amount. Subsequently, in an order dated June 9, 1994, the court granted the defendant's motion striking the matter from the trial calendar and directed the defendant to pay the settlement amount, plus interest, within thirty days. We now affirm the June 9, 1994, order.

"A stipulation is essentially a contract and may be enforced as such (see, New York Bank for Sav. v Howard Cortlandt St., 106 AD2d 496). Where * * * there is an oral stipulation made in 'open court,' it is valid and binding and will not be set aside on facts less than needed to avoid a contract, e.g., fraud, collusion, mistake, accident, or some other ground of similar nature (see, Hallock v State of New York, 64 NY2d 224; Matter of O'Garro v New York State Dept. of Mental Hygiene, 46 NY2d 853; Matter of Dolgin Eldert Corp., 31 NY2d 1; Rivera v Triple M. Roofing Corp., 116 AD2d 561)" (Lazich v Vittoria & Parker, 196 AD2d 526, 527-528; see also, Yonkers Fur Dressing Co. v Royal Ins. Co., 247 NY 435).

Moreover, strict enforcement of stipulations made in open court not only serves the interest of efficient dispute resolution, but is also essential to the management of court calendars and the integrity of the litigation process (see, Hallock v State of New York, 64 NY2d 224, supra). Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.