(July 11, 1996)

■ FIONA BRONFMAN, Appellant, v MATTHEW BRONFMAN, Respondent. [645 NYS2d 20] —Order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about February 15, 1995, which, *inter alia,* granted defendant's cross-motion for partial summary judgment pursuant to CPLR 3212 (e) seeking dismissal of plaintiff's first, second and third causes of action for equitable distribution and permanent maintenance in an amount in excess of that provided for in the parties' marital agreement, is unanimously affirmed, without costs or disbursements.

The parties herein, who were college sweethearts and married a year after their college graduation, are both from affluent and socially prominent families. Over the course of the marriage they had three children, who reside with their

mother. After the parties were married civilly and before a religious ceremony, they entered into an agreement on June 3, 1982 that set forth their respective rights on death or dissolution of the marriage. Both parties had independent counsel in the negotiations, which were concluded over a period of six to eight weeks. The agreement contains broad waivers and, upon a dissolution of the marriage, limits plaintiff's rights to child support, a sum to be calculated based on the years of marriage and the right to live in the marital residence subject to plaintiff's payment of certain expenses of occupancy.

It has been the policy of the courts of this State to encourage parties to settle their differences privately. This extends to "marriage" agreements by which the parties agree in advance or during the marriage to the resolution of disputes that may arise after its termination. Thus the Court of Appeals has noted with respect to such agreements: "Judicial review is to be exercised circumspectly, sparingly and with a persisting view to the encouragement of parties settling their own differences in connection with the negotiation of property settlement provisions. Furthermore, when there has been full disclosure between the parties, not only of all relevant facts but also of their contextual significance, and there has been an absence of inequitable conduct or other infirmity which might vitiate the execution of the agreement, courts should not intrude so as to redesign the bargain arrived at by the parties on the ground that judicial wisdom in retrospect would view one or more of the specific provisions as improvident or one-sided." (*Christian v Christian*, 42 NY2d 63, 71-72.)

While plaintiff asserts she was young when she entered the agreement, she was a college graduate who was represented by her own counsel. Plaintiff admittedly read the agreement, exchanged financial disclosure prior to its execution and her attorney received a copy of defendant's net worth statement. Plaintiff, in challenging the agreement, bears the very high burden of showing that it is manifestly unfair and that this unfairness was the result of overreaching on the part of defendant (*Christian v Christian, supra*, at 72-73; *Levine v Levine*, 56 NY2d 42, 47). The plaintiff has not met this burden. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.