■ JOAN LUISI, Respondent, v THOMAS LUISI, Appellant. [664 NYS2d 346] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (Miller, J.), dated October 30, 1996, which denied his motion to restore his counterclaim to the trial calendar.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion is granted.

CPLR 2104 states that to be enforceable, a stipulation, unless reduced to the form of an order and entered, must be in writing and signed by a party or his attorney. In the alternative, an oral stipulation will be binding if it is spread upon the record in open court (see, Margolis v New York City Tr. Auth., 233 AD2d 483; Gage v Jay Bee Photographers, 222 AD2d 648; Public Adm'r of County of N. Y. v Bankers Trust Co., 182 AD2d 592). Here, there was no open-court stipulation and the writ-

ten stipulation executed by the attorneys expressly provided that it was "subject to" the agreement of the parties. Thus, by its very terms, the stipulation was not enforceable unless and until the parties executed a further stipulation (*see, Margolis v New York City Tr. Auth., supra,* at 483; *Batties v Solis,* 171 AD2d 529; *Rivera v Triple M. Roofing Corp.,* 116 AD2d 561; *Graffeo v Brenes,* 85 AD2d 656). Inasmuch as the parties were not able to reach a formal agreement, there was clearly no settlement. The court thus erred in denying the appellant's motion on the basis that the action had been settled, and the husband's counterclaim should have been restored to the trial calendar (*see, Margolis v New York City Tr. Auth., supra,* at 483; *Phillips v Pamper Decorating Serv.,* 228 AD2d 425; *Venuti v Booth Mem. Med. Ctr.,* 204 AD2d 715; *Rivera v Triple M. Roofing Corp., supra,* at 561).

The wife's contention that the husband's counterclaim was subject to automatic dismissal pursuant to CPLR 3404 is without merit. The husband's counterclaim was expressly severed at the time the wife discontinued her divorce action. Miller, J. P., Ritter, Altman and Krausman, JJ., concur.