ADRIENNE WILSON, Respondent, v STEPHEN J. WILSON, Appellant. [826 NYS2d 416]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Ross, J.), entered September 14, 2005, which, in effect, denied his application to vacate a stipulation of settlement, (2) an order of the same court dated December 14, 2005, which denied his motion which was, in effect, for reargument of his application, and (3) a judgment of the same court entered January 30, 2006 upon the stipulation.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the orders must be dismissed because any right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). In any event, with respect to the appeal from the order entered September 14, 2005, no appeal lies as of right from an order denying a motion that was not made on notice (*see* CPLR 5701 [a] [2]; [c]; *Delloiaco v City of New York,* 174 AD2d 705 [1991]). With regard to the order dated December 14, 2005, no appeal lies from an order denying reargument (*see Schoenfeld v*

*Shonfeld,* 266 AD2d 449 [1999]). The issues raised on appeal from the order entered September 14, 2005 are brought up for review and have been considered on the appeal from the judgment *(see* CPLR 5501 [a] [1]).

On March 28, 2005 the parties entered into a stipulation of settlement before the Supreme Court. The defendant argues that this was merely "an agreement to agree" which, inter alia, had to be reduced to writing and executed before it could be deemed valid and enforceable. However, "an oral stipulation will be binding if it is spread upon the record in open court" *(Luisi v Luisi,* 244 AD2d 464 [1997]; *see also Margolis v New York City Tr. Auth.,* 233 AD2d 483 [1996]; *Gage v Jay Bee Photographers,* 222 AD2d 648 [1995]; *Public Adm'r of County of N.Y. v Bankers Trust Co.,* 182 AD2d 592 [1992]). Here, when the transcript dated March 28, 2005 is read in its entirety, it is clear that what was spread upon the record was an oral stipulation and not simply an agreement to agree.

Contrary to the defendant's contention, the stipulation was not rendered invalid because there was no subsequent written agreement *(see e.g. Storette v Storette,* 11 AD3d 365 [2004]; *Friedman v Garey,* 8 AD3d 129 [2004]; *Harrington v Harrington,* 103 AD2d 356 [1984]; *cf. Giambattista v Giambattista,* 89 AD2d 1057 [1982]). Furthermore, where an open court stipulation contains all of the material terms of an enforceable agreement, it will be enforced absent a showing of fraud, duress, or mistake sufficient to invalidate a contract *(see Hallock v State of New York,* 64 NY2d 224 [1984]). Since the stipulation contained all of the terms which were material to the settlement of this matrimonial action, and since there was no claim of fraud, duress, or mistake relating to the terms thereof, the Supreme Court properly enforced the stipulation and entered judgment thereon.

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams and Santucci, JJ., concur.

Lifson, J. (concurring in part and dissenting in part and voting to dismiss the appeals from the orders, reverse the judgment, and grant the application to vacate the stipulation of settlement): In open court, the parties' attorneys enumerated a number of items upon which the parties ostensibly had arrived at an agreement. During the court's inquiry of the parties, it appears that the defendant indicated his consent was dependent on his receipt of a release from the plaintiff's father. Moreover, the parties indicated that the terms were subject to a written agreement that the plaintiff's attorney would prepare. The record does not demonstrate that a sufficient inquiry was made to ascertain that the parties heard all the terms of the proposed

agreement, that they clearly understood those terms, that they understood that this agreement was a final and complete resolution of their differences, and that they agreed to be bound by all the terms set forth. In actuality, the release in question was only received when it became apparent that the parties had not been able to complete the agreement as contemplated. In view of these circumstances, I do not believe that the contemporaneous consent of the parties was adequately established (*see Maieli v Maieli*, 223 AD2d 909 [1996]; *cf. Sheridan v Sheridan*, 202 AD2d 749 [1994]).

Moreover, because it was specifically understood that there would be no formal binding agreement until the plaintiff obtained a general release from her father, who had asserted monetary claims against the defendant, and that, in any event, the terms resolved were subject to a more formal written agreement, I conclude that, at best, the parties had merely entered into an agreement to agree which is too indefinite to be enforceable (*see Silverman v Silverman*, 249 AD2d 378 [1998]).