■ ROBERT K. GARRISON, Appellant, v CAROLE M. GARRISON, Respondent. [859 NYS2d 307]—

Cardona, P.J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered June 21, 2007 in Ulster County, which partially granted defendant's motion to, among other things, enforce the terms of a stipulation of settlement.

The parties entered into a stipulation of settlement which was incorporated but not merged into their judgment of divorce. Subsequently, defendant moved to, among other things, enforce the stipulation. Although many issues were raised before Supreme Court, this appeal concerns only that provision of the stipulation which requires plaintiff to subdivide certain real property known as the Home Farm and convey one parcel to the parties' daughter, another parcel to the parties' son, and the remaining parcel to plaintiff* and the parties' son as joint tenants with right of survivorship. During the proceedings before Supreme Court, defendant contended that plaintiff violated that provision by failing to obtain the required municipal subdivision approvals and transfer the property. In opposition, plaintiff argued that he had made a good faith attempt to comply with the stipulation, but that his subdivision application was still pending before the Town of Shawangunk Planning Board. Supreme Court ruled in defendant's favor on this issue, ordering plaintiff to obtain all municipal approvals necessary to subdivide the Home Farm and to convey the parcels within 120 days.

---

* We note that while, at one point, Supreme Court's decision indicated that the joint tenancy would be shared with defendant, not plaintiff, it is apparent from a review of the remainder of the decision, as well as the stipulation, that this reference was incorrect.

Plaintiff appeals, arguing for the first time that he should be relieved from the stipulation on the grounds that it is unconscionable or, in the alternative, unenforceable because it lacks definite terms. These contentions, which are in substance challenges to the stipulation of settlement itself, should have been raised before Supreme Court on a motion to set aside the stipulation (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 55 [1979]; *Gaudette v Gaudette*, 234 AD2d 619, 621 [1996], *appeal dismissed* 89 NY2d 1023 [1997], 91 NY2d 885 [1998]) rather than on this appeal from the court's order enforcing it. Consequently, these issues, which are the only issues raised by plaintiff herein, are not reviewable on this appeal (*see Gaudette v Gaudette*, 234 AD2d at 621).

Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.