■ SUSAN ROWLEY, Respondent, v MARK J. AMRHEIN, Appellant. [883 NYS2d 214]—

Judgment, Supreme Court, New York County (Saralee Evans, J.), entered March 12, 2008, granting plaintiff a divorce from defendant on the ground of constructive abandonment and incorporating the terms of a stipulation entered into October 30, 2007 settling the issues of maintenance and distribution of the parties' assets, unanimously modified, on the law, so much of the judgment as granted the divorce on the ground of constructive abandonment vacated, the matter remanded for further proceedings to determine the grounds for divorce and to adjudicate defendant's counterclaim, and otherwise affirmed, without costs.

Defendant's challenge to the judgment on the ground that it inaccurately reflects the stipulation of settlement by including terms that are inconsistent therewith is not preserved for appellate review since there is no record that defendant raised any objection to plaintiff's proposed judgment, as required by 22 NYCRR 202.48 (c) (2) (*see Salamone v Wincaf Props.*, 9 AD3d 127, 140 [2004], *lv dismissed* 4 NY3d 794 [2005]). Defendant's claim that he had no opportunity to object to plaintiff's proposed judgment because he was not properly served with a copy thereof is properly directed to Supreme Court in a motion to vacate the judgment pursuant to CPLR 5015 (a) (1), not to this Court on appeal (*see McCue v McCue*, 225 AD2d 975, 976 [1996]; *Levy v Blue Cross & Blue Shield of Greater N.Y.*, 124 AD2d 900, 901 [1986]).

Defendant's challenges to the judgment on the bases that it grants plaintiff a divorce on a ground that he contests and fails to adjudicate his counterclaim allege substantive errors in the judgment that affect his substantial rights and not mere inconsistencies with the intentions of the court and the parties as demonstrated by the record. Thus, review may be obtained either through an appeal from the judgment or through a motion to vacate pursuant to CPLR 5015 (a) (*Salamone*, 9 AD3d at 133-134). The record reveals that Supreme Court did not address the grounds for divorce or defendant's counterclaim. Accordingly, we remand the matter for further proceedings to determine these issues.

Defendant's contention that the stipulation disposing of the parties' economic issues is unenforceable against him is not properly before us, since defendant never moved in Supreme Court to set aside the stipulation (*see Garrison v Garrison*, 52 AD3d 927, 928 [2008]; *Hopkins v Hopkins*, 97 AD2d 457 [1983]). In any event, the terms of the stipulation were memorialized in a proposed preliminary conference order that the court reviewed during the October 30, 2007 proceedings, the stipulation was signed and initialed by both parties, and the court expressly informed the parties on the record that it was a binding contract. The stipulation contained no express reservation of the right not to be bound until the execution of a more formal agreement. To the contrary, all the essential terms and conditions of an agreement were set forth in the stipulation, and all that remained was their translation into a more formal document (*see Brause v Goldman*, 10 AD2d 328, 332 [1960], *affd* 9 NY2d 620 [1961]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.