JUAN D. REYES, M.D., Appellant, v RAFAEL SEQUEIRA, M.D., et al., Respondents, et al, Defendant. [889 NYS2d 451]—

Pursuant to an on-the-record "so ordered" stipulation of settlement dated January 29, 2007, the parties agreed, among other things, that the court would appoint two appraisers to determine the present fair market value of the properties at issue, that the court would determine the value based upon an average of the two appraisals, and that defendant would be awarded 55% and plaintiff 45% of the value of both properties. The parties further agreed that a more formal agreement would be made within 10 days after the parties received the appraisals, the objective being to settle all collateral issues, and that the formal agreement would in no way modify, alter or amend the January 29, 2007 stipulation.

This stipulation constituted a binding agreement, as it set forth all the essential terms and conditions of a binding agreement and, despite contemplating a more formal agreement on collateral issues, the parties clearly intended to be bound by it with respect to the agreed upon terms (*see Rowley v Amrhein*, 64 AD3d 469 [2009]; *High v Reuters Am., Inc.*, 19 AD3d 284 [2005]; *Storette v Storette*, 11 AD3d 365 [2004]).

Further, in August 2007, the January 29, 2007 stipulation was properly modified, by way of stipulation, to provide, at defendant's request, for a third appraisal of the properties.

Motion seeking an order for a preference denied as academic. Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.