■ LINDA P. KINGSLEY, Respondent-Appellant, v THOMAS C. KINGSLEY, Appellant-Respondent. [893 NYS2d 350]—

Cardona, P.J. 

In June 2001, defendant commenced an action seeking a divorce from plaintiff, his spouse of 31 years. Plaintiff and defendant are both attorneys who were represented by separate counsel during the proceedings and hired experts for the purpose of, among other things, determining the value of defendant's law practice. On December 16, 2002, the parties entered into an "opting out" stipulation of settlement in open court that purported to dispose of all pending issues, including equitable distribution. Notably, the stipulation included a provision that if it is "subsequently determined that either party has failed to disclose any asset that would be determined to be a marital asset, then the other party retains his or her interest in that marital asset, the amount of which to be fixed by an appropriate court at that time." The stipulation was incorporated, but did not merge, into the subsequent judgment of divorce entered in plaintiff's favor. Thereafter, in May 2008, plaintiff brought this action seeking the rescission of the stipulation alleging, among other things, that defendant failed to disclose the true value of his law practice by selectively complying with disclosure and concealing the existence of several contingency fee cases that should have been disclosed in the course of discovery. In lieu of an answer, defendant submitted a motion seeking dismissal of the complaint and/or summary judgment. Supreme Court denied that motion, prompting this appeal by defendant.*

Initially, we find that defendant's motion for dismissal of the complaint was properly denied. Notably, the parties' stipulation specifically contemplated further court proceedings when, as here, one party alleges that the other party failed to disclose marital assets. Accordingly, defendant's assertion that the complaint herein fails to state a cause of action pursuant to CPLR 3211 (a) (7) is unpersuasive. We also do not agree with defendant's contention that the proof submitted in support of his motion "demonstrated a complete defense based upon documentary evidence in the record" (*Griffin v Griffin*, 79 AD2d 828, 829 [1980]; *see* CPLR 3211 [a] [1]). Significantly, plaintiff

---

* Although plaintiff initially filed a notice of cross appeal from Supreme Court's denial of her cross motion for summary judgment, that cross appeal was later withdrawn.

identified numerous contingency fee cases reportedly instituted during the relevant period which she asserts were not disclosed as required in the course of the discovery process. Given that submission, defendant's reliance on the information he previously supplied which did not reference those cases is insufficient to resolve all factual issues and justify dismissal of the complaint.

Furthermore, we agree with Supreme Court that summary judgment in defendant's favor is not warranted at this juncture. While it is true that a "stipulation of settlement which is fair on its face will be enforced according to its terms" (*Rubin v Rubin*, 33 AD3d 983, 984 [2006] [citations omitted]), a summary judgment motion seeking the dismissal of a claim for rescission will be denied where the spouse seeking to rescind the stipulation demonstrates "the existence of . . . triable issue[s] of fact sufficient to raise an inference of fraud, duress, overreaching, or unconscionability" (*id.* at 985; *see Empie v Empie*, 46 AD3d 1008, 1009 [2007]). Here, given the conflicting affidavits regarding, among other things, the proper disclosure of contingency fee cases, we find that the questions of fact and inferences of fraud raised by plaintiff preclude summary judgment.

We have examined defendant's remaining arguments, including his claim that the evidence demonstrated that plaintiff ratified the stipulation, and find them to be unpersuasive.

Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs to plaintiff.