■ KATHRYN L. VEGA, Appellant, v JOHN PAPALEO, Respondent. [925 NYS2d 699]—

Stein, J. Appeal from a judgment of the Supreme Court (Connolly, J.), entered August 13, 2010 in Albany County, granting plaintiff a divorce, upon a decision of the court.

Plaintiff commenced this action for divorce in 2006 on the ground of cruel and inhuman treatment. In 2008, after engag-

ing in protracted litigation and settlement negotiations, the parties, both of whom were represented by counsel, signed a memorandum of understanding (hereinafter MOU) that provided for, among other things, distribution of the parties' marital assets. Plaintiff's attorney then notified Supreme Court (McDonough, J.) that the matter had been resolved and the case, which had been scheduled for trial, was removed from the trial calendar. Thereafter, plaintiff was presented with a settlement agreement but refused to sign it. Plaintiff subsequently retained new counsel and the matter was restored to the trial calendar. After several pretrial conferences, Supreme Court granted a motion by defendant for summary judgment, seeking a judgment granting plaintiff a divorce and incorporating, but not merging, the terms of the MOU into the judgment of divorce. A judgment of divorce was entered accordingly, prompting this appeal by plaintiff. Plaintiff argues that the MOU is not an enforceable agreement and that, even if it is enforceable, it should be set aside on the basis that her attorney fraudulently induced her to sign the document by misrepresenting its legal significance. We disagree and, therefore, affirm.

As the movant for summary judgment, defendant met his initial burden of demonstrating that the MOU is an enforceable agreement under Domestic Relations Law § 236 (B) (3), as the document, itself, evidences that "[it] is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded" (Domestic Relations Law § 236 [B] [3]; see CPLR 2104; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d 732, 733 [1999]).* Thus, the burden shifted to plaintiff to demonstrate by the proffer of admissible evidence the existence of material issues of fact requiring a trial (*see Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d at 733-734). To that end, plaintiff submitted her own affidavit, and the affirmations of her current attorney and a friend who accompanied her to her then attorney's office on the day she signed the MOU. According to those submissions, plaintiff did not wish to sign the MOU because it did not address certain assets, but she ultimately signed it based upon her then attorney's assurances that those issues could be raised at a later time.

* Plaintiff concedes that the MOU met the statutory requirements. Her argument that it is not enforceable because it was not "endorsed" in open court is unavailing, as there is no requirement that a properly executed written settlement agreement be so endorsed (*see* Domestic Relations Law § 236 [B] [3]; *compare Birr v Birr*, 70 AD3d 1221, 1223 [2010]; *Cheruvu v Cheruvu*, 59 AD3d 876, 877 [2009]), and we decline plaintiff's invitation to establish such a requirement.

Plaintiff alleges that she would not have signed the MOU if she had known that it would be considered a final agreement.

A court may set aside a marital settlement agreement if it determines that the agreement was the result of " 'overreaching, fraud, duress or a bargain so inequitable that no reasonable and competent person would have consented to it' " (*Empie v Empie*, 46 AD3d 1008, 1009 [2007], quoting *Curtis v Curtis*, 20 AD3d 653, 654 [2005]; *see Christian v Christian*, 42 NY2d 63, 70-73 [1977]; *Kingsley v Kingsley*, 69 AD3d 1105, 1107 [2010]; *Rodriguez v Rodriguez*, 11 AD3d 768, 769 [2004]; *see also Rubin v Rubin*, 33 AD3d 983, 985 [2006]). Notably, plaintiff here failed to make any application in Supreme Court to set aside the MOU on any of these grounds (*compare Christian v Christian*, 42 NY2d at 67, 70; *Kingsley v Kingsley*, 69 AD3d at 1106). However, inasmuch as she raised them in opposition to defendant's motion for summary judgment, we will nonetheless address her argument. As to the merits, plaintiff has not alleged that defendant, or anyone acting on defendant's behalf, perpetrated any fraud or duress upon her (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley*, 257 AD2d 228, 233 [1999]; *compare Christian v Christian*, 42 NY2d at 72; *Rubin v Rubin*, 33 AD3d at 985-986; *Bronfman v Bronfman*, 229 AD2d 314, 315 [1996]). To the extent that she argues that the MOU is manifestly unfair (*see Morand v Morand*, 2 AD3d 913, 914-915 [2003]), she has failed to submit proof to support her conclusory allegations. Thus, while plaintiff may have other remedies available to her, her allegations—relating solely to her attorney's conduct—are insufficient to set aside the MOU.

We also reject plaintiff's argument that the MOU is not a final agreement because it contemplates the parties' subsequent execution of an "opting-out agreement." The MOU provides that it "will be incorporated into a full opting-out agreement to be signed by the parties containing these terms and only those other terms which are necessary to have a full and complete opting-out agreement, but due to the time constraints, [the parties] may not have the ability to finalize an opting-out agreement prior to the date scheduled for trial." The MOU then goes on to address, in detail, numerous issues including, among other things, a division of various items of real property, business interests, bank accounts, retirement accounts, marital debt and maintenance payments. Significantly, it also contains a provision that "any additional terms and agreements to be contained within the opting-out agreement shall not alter or change any of the terms or conditions set forth in this [MOU]." As Supreme Court correctly determined, it is evident that, although the

MOU directs entry into a further agreement, its terms are not contingent upon entry into such agreement (*compare Luisi v Luisi*, 244 AD2d 464, 465 [1997]). Accordingly, plaintiff failed to raise a question of fact sufficient to defeat defendant's motion (*see Rubin v Rubin*, 33 AD3d at 986; *compare Kingsley v Kingsley*, 69 AD3d at 1107).

Plaintiff's remaining contentions have been reviewed and are without merit.

Mercure, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.