Nieborak v W54-7 LLC (2022 NY Slip Op 01397)





Nieborak v W54-7 LLC


2022 NY Slip Op 01397


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 157084/14 Appeal No. 15447 Case No. 2021-00706 

[*1]Stefan Nieborak et al., Plaintiffs-Respondents,
v
W54-7 LLC, Defendant-Appellant.


Kucker Marino Winiarsky & Bittens, LLP, New York (Eric R. McAvey of counsel), for appellant.
Rozen Law Group, New York (Jennifer A. Rozen of counsel), for respondents.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about February 10, 2021, which, to the extent appealed from, granted plaintiffs' motion to enforce the terms of the parties' settlement placed on the record on the day set for trial, and denied defendant's cross motion to vacate the stipulation or to renew a prior motion of plaintiffs for summary judgment on liability, unanimously affirmed, without costs.
"Stipulations of settlement are favored by the courts and not lightly cast aside. This is all the more so in the case of 'open court' stipulations within CPLR 2104, where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (Hallock v State of New York, 64 NY2d 224, 230 [1984] [internal citations omitted]).
On March 2, 2020, the date of trial, the court facilitated settlement negotiations and the parties placed the material terms of their settlement on the record. "The in-court oral stipulation made here . . . evidences [defendant]'s unconditional agreement, through authorized counsel, to settle" for a sum certain of $7.5 million, provide leases at specific monthly rents for plaintiffs still living in the building, and enter into a confidentiality agreement (Public Adm'r of County of N.Y. v Bankers Trust Co., 182 AD2d 592, 593 [1st Dept 1992]). "[W]hen the transcript . . . is read in its entirety, it is clear that what was spread upon the record was an oral stipulation and not simply an agreement to agree" (Wilson v Wilson, 35 AD3d 595, 596 [2d Dept 2006]). "The fact that it is necessary for the parties to exchange general releases and execute a confidentiality agreement does not render the agreement invalid" (Shah v Wilco Sys., Inc., 81 AD3d 454, 455 [1st Dept 2011], lv dismissed 17 NY3d 901 [2011]), nor does the parties' representation that they would "execute formal settlement papers" demonstrate that there was no agreement on material terms (Trolman v Trolman, Glaser & Lichtman, P.C., 114 AD3d 617, 618 [1st Dept 2014], lv denied 23 NY3d 905 [2014]; accord Reyes v Sequeira, 68 AD3d 526, 527 [1st Dept 2009]; see also Thomas v Slaton, 200 AD3d 546 [1st Dept 2021]).
We reject defendant's contention that the decision of the Court of Appeals in Matter of Regina Metropolitan Co., LLC v New York State Div. of Hous. & Community Renewal (35 NY3d 332 [2020]), issued one month afterwards, requires that the settlement be vacated. While that decision held that the retroactive application of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) would violate due process (id. at 372-383), previous interpretations to the contrary constituted "a mistake as to the law," which is insufficient grounds for vacating a stipulation (see 64th St.-3rd Ave. Assoc. v Wall, 257 AD2d 487, 488 [1st Dept 1999]; compare Hallock, 64 NY2d at 230 [relief from stipulation available for "cause sufficient to [*2]invalidate a contract, such as fraud, collusion, mistake or accident"]). It was also common knowledge that the retroactivity issue was under review when defendant agreed to "stipulate away . . . [its] constitutional right[]" to due process (1420 Concourse Corp. v Cruz, 135 AD2d 371, 372 [1st Dept 1987], appeal dismissed 73 NY2d 868 [1989]; accord Trump v Trump, 179 AD2d 201, 204 [1st Dept 1992]).
What is more, it does not appear "that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it" (Matter of Frutiger, 29 NY2d 143, 150 [1971] [internal quotation marks omitted]). In the order granting plaintiffs summary judgment, entered August 31, 2018, Supreme Court (Bannon, J.) found that defendant's predecessor engaged in a fraudulent scheme to deregulate by falsely exempting some apartments as condos or coops and others for high rent vacancy, as the allowable increases did not reach the luxury deregulation threshold and defendant effectively conceded the lack of improvements warranting an increase (see Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 498-499 [1st Dept 2018]; Altschuler v Jobman 478/480, LLC., 135 AD3d 439, 440 [1st Dept 2016]). Contrary to defendant's contention, the Court of Appeals did not hold that this type of conduct is not fraudulent (see Matter of Regina, 35 NY3d at 356 n 7, quoting Matter of Lavanant v State Div. of Hous. & Community Renewal, 148 AD2d 185, 190 [1st Dept 1989] ["willfulness means 'consciously and knowingly charg[ing] . . . improper rent'"]).
Plaintiffs' November 2018 calculation of damages in the record, totaling more than $5 million excluding attorneys' fees — which defendant asserts was based on the mistaken premise that the HSTPA applied retroactively — begins the overcharge calculation four years before this action was commenced, and treble damages two years beforehand, using the default formula due to the prior finding of a fraudulent scheme to deregulate (Matter of Regina, 35 NY3d at 354-355, 362; accord Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366 n 1 [2010]; Thornton v Baron, 5 NY3d 175, 180 n 1 [2005]; 435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC, 183 AD3d 509, 510 [1st Dept 2020]; see also former CPLR 213-a; former Administrative Code of City of NY § 26-516[a][2]; 9 NYCRR 2526.1[g]). The passage of 20 additional months after those calculations were made, until the settlement was reached, belies the notion that the agreed-upon sum was "manifestly unfair" to defendant or "unconscionable" (Rogers v Malik, 126 AD3d 874, 875 [2d Dept 2015]; see generally CPLR 5004).
Defendant's argument that Supreme Court impermissibly set a 30-day limit after execution of releases by plaintiffs for its attorney to make the first payment to plaintiffs' attorney, instead of 120 days as stipulated in open court, is moot. The record in Supreme Court shows that defendant posted a bond in excess of the settlement [*3]amount pending appeal, such that "the rights of the parties will [not] be directly affected and the interest of the parties [will not be] an immediate consequence" of any decision by this Court to modify that time frame (City of New York v Maul, 14 NY3d 499, 507 [2010], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).
Similarly, Supreme Court providently denied leave to renew the original grant of partial summary judgment as moot, due to the settlement (see Ayoub v Ayoub, 14 NY3d 921, 922 [2010]; Gold Fields Am. Corp. v Aetna Cas. & Sur. Co., 295 AD2d 289, 290 [1st Dept 2002]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022