Pascual v Rustic Woods Homeowners Assn., Inc. (2024 NY Slip Op 04467)

Pascual v Rustic Woods Homeowners Assn., Inc.

2024 NY Slip Op 04467

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2021-05269
 (Index No. 101146/13)

[*1]Renato J. Pascual, et al., appellants, 
v
Rustic Woods Homeowners Association, Inc., et al., respondents, et al., defendant.

Boyd Richards Parker & Colonnelli, P.L., New York, NY (Nicholas P. Iannuzzi of counsel), for respondents.
Renato J. Pascual and Aida A. Pascual, Staten Island, NY, appellants pro se.

DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Lisa Grey, J.), dated March 19, 2021. The order denied the motion of the plaintiff Renato J. Pascual, treated as one for leave to reargue, but which was, in actuality, one, in effect, to vacate an open-court settlement agreement and for leave to reargue the plaintiffs' prior motion, in effect, for summary judgment on the complaint insofar as asserted against the defendants Rustic Woods Homeowners Association, Inc., and Kathleen Fogarty, which had been denied as academic.
Joint motion by the defendants Rustic Woods Homeowners Association, Inc., and Kathleen Fogarty, inter alia, to dismiss the appeal on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated March 6, 2023, that branch of the motion which is to dismiss the appeal was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is granted to the extent that the appeal by the plaintiff Renato J. Pascual from so much of the order as, in effect, denied that branch of the motion of the plaintiff Renato J. Pascual which was, in effect, for leave to reargue the plaintiffs' prior motion, in effect, for summary judgment on the complaint insofar as asserted against the defendants Rustic Woods Homeowners Association, Inc., and Kathleen Fogarty is dismissed, and that branch of the motion is otherwise denied; and it is further,
ORDERED that the appeal by the plaintiff Aida A. Pascual is dismissed, as that plaintiff is not aggrieved by the order appealed from (see Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed on the appeal by the plaintiff Renato J. Pascual; and it is further,
ORDERED that one bill of costs is awarded to the defendants Rustic Woods Homeowners Association, Inc., and Kathleen Fogarty.
The plaintiffs, Renato J. Pascual and Aida A. Pascual, own a unit at Rustic Woods Condominium I (hereinafter the Condominium) and are members of Rustic Woods Homeowners Association, Inc. (hereinafter the Homeowners Association). In July 2013, the plaintiffs commenced this action against the Homeowners Association, Kathleen Fogarty, as president of the Condominium (hereinafter together the defendants), and another defendant, alleging, inter alia, that certain special assessments the plaintiffs were obligated to pay were enacted in violation of the defendants' bylaws. In September 2020, Renato moved, in effect, to vacate an open-court settlement agreement between the plaintiffs and the defendants, and for leave to reargue the plaintiffs' prior motion, in effect, for summary judgment on the complaint insofar as asserted against the defendants, which had been denied as academic. In an order dated March 19, 2021, the Supreme Court denied Renato's motion, treating it as one solely for leave to reargue. The plaintiffs appeal.
The appeal by Renato from so much of the order dated March 19, 2021, as, in effect, denied that branch of Renato's motion which was, in effect, for leave to reargue the plaintiffs' prior motion, in effect, for summary judgment on the complaint insofar as asserted against the defendants must be dismissed, as no appeal lies from an order denying reargument (see Wells Fargo Bank, N.A. v Senenfelder, 225 AD3d 728; HSBC Bank USA, N.A. v Nieves, 199 AD3d 665, 666).
However, since the defendants had not previously moved to enforce the open-court settlement agreement, and the plaintiffs had not previously moved to vacate or set aside the open-court settlement agreement, the Supreme Court incorrectly treated that branch of Renato's motion which was, in effect, to vacate the open-court settlement agreement as seeking leave to reargue (see CPLR 2221[d]; Manufacturers & Traders Trust Co. v Client Server Direct, Inc., 156 AD3d 1364, 1365; Cheri Rest. Inc. v Eoche, 144 AD3d 578, 579; Lieber v Vitelli, 270 AD2d 396). Rather than remitting the matter to the Supreme Court to decide that branch of Renato's motion which was, in effect, to vacate the open-court settlement agreement on the merits, in the interest of judicial economy, we reach the merits (see generally Souffrant v M & K Real Estate Assoc., LLC, 225 AD3d 914; Island Ordnance Sys., LLC v Amerimex, Inc., 224 AD3d 821, 822).
"[S]tipulations of settlement, especially those whose terms are placed upon the record in open court, are judicially favored" (Hymowitz v Hymowitz, 119 AD3d 736, 740; see Davenport v Davenport, 199 AD3d 637, 641-642). Where an open-court stipulation of settlement contains all of the material terms of an enforceable agreement, it will be enforced absent a showing of grounds sufficient to invalidate a contract, such as fraud, duress, overreaching, or mistake (see Premier Ford NY, Inc. v Ryan, 162 AD3d 699, 701; Clement v Millbrook Cent. Sch. Dist., 152 AD3d 743, 744; Wilson v Wilson, 35 AD3d 595, 596).
Here, the record demonstrates that the parties validly entered into a settlement agreement in open court, which included all of the material terms of the agreement (see Nieborak v W54-7 LLC, 203 AD3d 439, 439-440; Wilson v Wilson, 35 AD3d at 596). The plaintiffs' subsequent refusal to execute a written agreement did not render the oral agreement unenforceable (see Pretterhofer v Pretterhofer, 37 AD3d 446; Wilson v Wilson, 35 AD3d at 596; Storette v Storette, 11 AD3d 365). Further, Renato failed to show that the settlement agreement should be set aside on the basis of fraud, duress, overreaching, or mistake (see DeBlasi v City of New York, 157 AD3d 656, 658; Caroli v Allstate Ins. Co., 100 AD3d 941, 944).
Accordingly, that branch of Renato's motion which was, in effect, to vacate the open-court settlement agreement was properly denied.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court